## Eckfeldt's Appeal.

The decree of an Orphans' Court ordering a person to file his account as trustee under a will, is interlocutory, and not final, and no appeal lies therefrom.

13b 171
161    575
13    171
Case 1
p 23 SC    596
13    171
Case 2
206    528
13    171
Case 2
25 SC 257

This was an appeal from the decree of the Orphans' Court at *Philadelphia.*

Jeremiah Hornketh, made his will as follows:

I, Jeremiah Hornketh, give to my wife all my furniture and household goods of every description absolutely. I give her my house in which I now dwell, and my house in Race near Eighth street during her life or widowhood for her support.

All the residue of my estate, after payment of my debts, I give to be equally divided among all my children, in fee with this proviso, that the parts and shares of my daughters be held by my executors in trust for their use equally during their natural lives, remainder to their children in fee, the children of each one taking the parent's share on the decease of such parent.

I appoint my friends, Michael Fox and Adam Eckfeldt, executors of this my will.

Witness my hand and seal this second day of October, 1812.

JEREMIAH HORNKETH, [L. S.]

Duly attested by witnesses, and filed December 6th, 1847.

Elizabeth Bolton, one of the children of Jeremiah Hornketh, petitioned the Orphans' Court for a citation to Adam Eckfeldt, to file his account as trustee under the will of her father, Jeremiah Hornketh.

Eckfeldt's answer was filed on which he denied his liability to account, and prayed to be dismissed with costs and charges.

After argument the court made the following order : Petitioner has leave to amend the petition and the prayer granted, and respondent ordered to file his account of the trust. Account to be filed by the 21st inst.

From this decree Eckfeldt appealed. Various errors were assigned, some of which were—

The Orphans' Court erred in granting the petitioner leave to amend her petition, at the same time that they made the decree to account, without affording the respondent and present appellant, an opportunity to answer to such amended petition.

The Orphans' Court erred in ordering the respondent and present appellant to file his account of his trust.

The Orphans' Court erred in decreeing that the respondent and present appellant, is accountable to the said petitioner, &c.

That they erred in decreeing that the respondent is a trustee of the petitioner under the will of Jeremiah Hornketh.

*Bradford*, counsel for appellant.
*Lee & Brightly*, counsel for appellee.

The opinion of the court was delivered by

GIBSON, C. J.—The decree appealed from is clearly interlocutory. It is a decree that appellant account, and having accounted before an auditor, he would be at liberty to file exceptions, perhaps involving facts to call for the assistance of a jury. Even when exceptions are disposed of, a final decree is necessary to enforce payment of the balance. Perhaps no balance might be found and the party eventually suffer no injustice. It would be oppressive to drag a suitor here on every intermediate order to be delayed a year before he could take another step. A suit in the Orphans' Court would be the business of a lifetime, and the appellate court burthened with much unnecessary litigation. It is true, an appeal from the Chancellor to the House of Lords lies, on an interlocutory decree, for reasons not very satisfactory in principle, *Daniel Ch. Pract.* 139. But whatever the English practice may be, ours has been, in analogy to the writ of error, to let the parties wait till the power of the court below has been exhausted ; and then, if either of them has been ultimately aggrieved, he may come here for relief ; but not till then.

Appeal quashed.