## ESTATE OF JOEL L. LIGHTNER, DECEASED.

#### APPEAL BY GEORGE BEILER FROM THE ORPHANS' COURT OF LANCASTER COUNTY.

Argued May 21, 1891—Decided October 5, 1891.
[To be reported.]

No one but a creditor of an estate, or a party interested therein, has the right to a citation upon an executor or administrator to settle an account. When one who claims to be a creditor, but in fact is not such, obtains a citation, the proper practice is to file an answer denying his claim, and if he then fail to make out a prima-facie claim, the citation and petition should be dismissed.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

No. 37 July Term 1891, Sup. Ct.; court below, number and term not stated.

On February 5, 1891, George Beiler filed in the court below his petition, averring that he was a creditor of the estate of Joel L. Lightner, deceased, and praying for a citation against M. Juliette Lightner, executrix of said deceased, to settle an account. A citation having been awarded and issued, the respondent filed an answer, whereupon the petitioner filed a replication.

From the petition, answer and replication the following facts appeared:

To No. 73 April Term 1880, of the Court of Common Pleas of Lancaster county, Daniel, John and Franklin Brua brought an action against the petitioner, George Beiler, to recover damages for injuries to a certain mill-property of the plaintiffs, alleged to have been caused by the damming of the waters of Pequea creek by the defendant, at his mill lower down the

VOL. CXLIV—18

Statement of Facts.

stream. The case was tried in October, 1881, resulting in a verdict for the plaintiffs for $372. A new trial having been granted, the cause was again tried in October, 1882, when a verdict was rendered for the defendant. This verdict was set aside by the award of a new trial. On February 15, 1883, the plaintiffs made a deed of voluntary assignment of their estate, for the benefit of their creditors, to Joel L. Lightner; and, on June 30, 1883, the record was amended so as to make the action stand in the names of the original plaintiffs for the use of Joel L. Lightner, assignee, etc. Lightner thereafter carried on the case. On November 30, 1883, the third trial was concluded by a verdict for the plaintiff for six cents damages. A new trial was again granted, and on December 2, 1885, a verdict was rendered in favor of the defendant. The suit was finally determined by the refusal of a motion for a new trial, and the entry of judgment on the verdict, in August, 1886. On August 17, 1887, the defendant filed his bill of costs for witness fees, etc., amounting to $556.45, and they were finally taxed by the prothonotary on January 25, 1891.

During the pendency of said action, Joel L. Lightner, as assignee, sold the mill property of the plaintiffs to Amos L. Eshleman for $11,000, under and by virtue of an order of the Court of Common Pleas; and, the sale having been confirmed, on November 19, 1883, he executed and delivered to Eshleman a deed in fee-simple in pursuance thereof. On February 14, 1884, the assignee filed his first account, wherein he charged himself inter alia with the purchase money of the mill-property sold as aforesaid, and appropriated the moneys embraced in the account to the payment of liens, the estate being insolvent. His final account, filed December 24, 1885, exhibited a balance of $49.67. On November 19, 1886, A. L. Eshleman and wife conveyed said Brua mill-property to Joel L. Lightner, in consideration of $11,000.

The petitioner averred that the purchase of the mill at the assignee's sale was in point of fact made by Eshleman for the use and benefit of Lightner; that the conveyance of November 19, 1886, was merely the means of carrying out an arrangement between Lightner and Eshleman, made at the time of the assignee's sale, and that the former was the real owner of the property from November 19, 1883, and after that date was carrying

on the suit against the petitioner for his own benefit, as such owner.    These averments were denied by the respondent.

The testimony taken tended to show that, at the time of making the sale to Eshleman, Lightner promised him to take the property off his hands, at any time, at $11,000; that Eshleman did not bind himself to let Lightner have the property, but " bought it on speculation," and " when he found there was no speculation in it," sold it to Lightner; that Eshleman paid for the property by giving his note for $11,000, and the consideration of his deed to Lightner was paid by the delivery up to him of the same note; that, during the time Eshleman held the mill, Lightner attended to the rents, leasing the mill after consulting with Eshleman, who never received any of the rents.    Eshleman testified that there might perhaps have been some talk between them " to the effect that the interest on the note would overbalance the rent of the mill-property."

It was averred, in the petitioner's replication, that of the defendant's bill of costs above mentioned, costs to the amount of $352.23 were incurred after Lightner came upon the record as a party to said action, and after the assignee's sale of the mill.    It was denied in the paper-book of the respondent that there was any evidence in support of this averment.

After argument, the court, LIVINGSTON, P. J., on April 18, 1891, filed the following opinion and decree :

The application in this case does not ask the executrix to file an account of Joel L. Lightner, now deceased, as assignee of the Bruas, but an account of the administration of the estate of Joel L. Lightner, deceased.

The petition filed, and the record of the case therein referred to, show that the suit in which the costs now claimed against the estate of Joel L. Lightner, deceased, accrued, was instituted by Daniel Brua, John Brua, and Franklin Brua, as plaintiffs, against George Beiler, defendant; and that, before it was concluded, the plaintiffs therein made a deed of voluntary assignment, in trust for the benefit of their creditors, to Joel L. Lightner, who accepted the trust, and under it conducted the suit to a close for the benefit of the assigned estate, settled the estate, and filed his accounts of said trust himself.

[The petition, answer, replication and testimony presented

Arguments.

appear to raise an issue which should be decided before requiring the executrix to file an account as prayed for: that is to say, whether or not the petitioner has a legal claim against the individual estate of Joel L. Lightner, deceased. Prima facie, it does not appear that he has, and directing the executrix to file an account, as prayed for, might look like, or perhaps be held to be an adjudication as to this point.] [1]  We therefore decline to order the executrix to file an account as prayed for, and dismiss the petition and citation at the costs of the petitioner.

—Thereupon the petitioner took this appeal, specifying that the court erred:

1. In ruling as set forth in the part of the opinion embraced in [ ] [1]

2. In dismissing the petition and citation at the costs of the petitioner.

*Mr. William R. Wilson*, for the appellant:

1. The fatal error of the court was in holding that before we can call upon the executrix for an account, we must have our claim adjudicated in some other way than by a recourse to the Orphans' Court. A claimant against a decedent's estate has a right to appeal to that court to prove his claim, and is bound to resort to it in the end: Phillips v. Railroad Co., 107 Pa. 465, and cases therein cited. Then why not commence in the court where the proceedings are bound to end? See McMurray's App., 101 Pa. 421.

2. Under § 15, act of March 15, 1832, P. L. 139, the Orphans' Court of Philadelphia has uniformly held that, after the lapse of a year from the death of the decedent, an account will be ordered, without inquiry as to the validity of the petitioner's claim: Peters' Est., 1 Phila. 581; McKeown's Est., 8 W. N. 343; Wistar's Est., 5 W. N. 128; Toner's Est., 5 W. N. 386. And, though suits may be pending in the Court of Common Pleas, the Orphans' Court will not indefinitely postpone distribution on that account; and the plaintiffs may thus be compelled to abandon their suits and present their claims in the Orphans' Court: Hammett's App., 83 Pa. 392; Guth's App., 2 Cent. R. 767; Shallcross's Est., 13 Phila. 374.

3. Trustees who are plaintiffs are ipso facto liable to the defendant for costs: Muntorf v. Muntorf, 2 R. 180; Penrose v.

Pawling, 8 W. & S. 380 ; Show v. Conway, 7 Pa. 136.*    Even if this rule be not recognized as law, as it is abundantly shown that the testator was the real owner of the mill, and as the nature of the action was such that success therein would have enhanced the value of his mill, he was personally liable as the actual plaintiff: Armstrong v. Lancaster City, 5 W. 68.    So, he was personally liable for the costs, as having carried on an unfounded claim : Show v. Conway, 7 Pa. 136 ; Pennypacker's App., 57 Pa. 114.

*Mr. D. G. Eshleman*, for the appellee, was not heard.

PER CURIAM:

The appellant presented his petition in the court below, in which he claimed to be a creditor of the estate of Joel L. Lightner, deceased, and prayed for a citation upon the executrix of said estate to file an account.    The citation, which is in substance a rule to show cause, was granted and duly served upon the executrix.    She answered it, denying that the petitioner was a creditor of the estate, and for this reason he was not entitled to an account.    The petitioner then filed a replication, and the issue raised was the single question of fact, viz., was the petitioner a creditor?    The court below decided this question against him, and dismissed the petition and citation, at his costs.

The appellant contends that he has a right to have his claim adjudicated in the Orphans' Court, and cites Phillips v. Railroad Co., 107 Pa. 465, and several other cases, in support of this position.    No one doubts this right, nor the authority of the cases cited.    The difficulty with the appellant is that his claim has been adjudicated in that court, and decided against him, to the extent that he has not even a prima-facie claim against the Lightner estate.    It follows that he has no right to demand an account.    No one but a creditor or party in interest has a right to do so.    It would involve intolerable mischief if any intermeddler could compel an executor to file an account of his trust whenever demanded.    Hence, the proper practice is, when a person who is not a creditor obtains a cita-

---

* See Callender v. Insurance Co., 23 Pa. 471.

tion, to answer it, denying that the petitioner is a creditor. This at once challenges his position as such, and, unless he can make out a prima-facie claim, it is the duty of the court to dismiss his petition. This is what was done in the court below, and we think correctly.

> The decree is affirmed, and the appeal dismissed at the costs of the appellant.