# Estate of Peter Starr, deceased. David Starr's Appeal.

*Practice, O. C.—Citation to file an account.*

The proper practice is, where a person who is not a creditor obtains a citation, to answer it, denying that the petitioner is a creditor. This at once challenges his position as such and unless he can make out a prima-facie claim, it is the duty of the court to dismiss his petition.

*Appeals—Jurisdiction, Superior Court—Definitive decree.*

The appellate courts cannot take jurisdiction until a definitive sentence or decree has been entered; and a decree of the orphans' court citing an executor to file an account is an interlocutory decree from which no appeal lies.

Argued Dec. 8, 1896. Appeal, No. 27, Nov. T., 1896, by David Starr, surviving executor, from decree of O. C. Schuylkill Co. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Appeal quashed.

Motion to quash appeal.

Margaret L. Tobias filed a petition in the court below alleging, inter alia, that Peter Starr died in 1882, that letters testamentary were granted to David Starr, that more than one year had elapsed since said letters were granted and that the executor had failed to file an account. That the petitioner was a legatee and prayed for a citation. The answer of the executor set up at length that the bequests to the petitioner were of arti-

cles in kind which she received and which could not be enforced by an account, that her remedy, if any, was by action at law, and denied that the petitioner had any standing in court to demand an account from respondent as surviving executor of Peter Starr, deceased.

The court below on petition and answer ordered and decreed that David Starr, surviving executor of Peter Starr, deceased, file his account in the register's office on or before February 3, 1896.

The petitioner appealed.

*Errors assigned* were, (1) in decreeing that a citation should issue; (2) in decreeing that the citation should issue before investigating the allegation and denial of the right of the petitioner to such citation, and ascertaining the fact whether at the time the petition was filed said petitioner was interested in the estate of Peter Starr, deceased, as the court was bound to do under rule 19, of said court, sections 2 and 3, which sections are as follows:

"Section 2. The parties served with process must appear at the time specified for the hearing, and make answer or demur to the petition, otherwise the Court will proceed to make orders to enable the petitioner to procure testimony in support of the petition, and after hearing the same, make such decree as shall be equitable and proper under the circumstances."

"Section 3. The mode of proceeding in controverted matters shall be by petition, answer, replication, etc., verified by affidavit."

(3) Petition was wholly insufficient and not in accordance with the rules of the orphans' court of Schuylkill county. The petitioner, Margaret L. Tobias, moved to quash the appeal.

*Geo. M. Roads*, for motion to quash.—An appeal does not lie, from the decree or order, of the orphans' court, directing an executor to file an account; such decree or order being merely interlocutory, and not final, therefore the appeal should be quashed: Palethorp's Estate, 160 Pa. 316.

*James Ryon*, with him *Geo. W. Ryon*, for appellant.—Under the denial of the answer of the interest of the petitioner the court below had no jurisdiction to award the citation.

This proceeding was also against the general practice in our courts: Mercur's Est., 31 W. N. C. 73; Lightner's Est., 144 Pa. 273; Barner's App., 168 Pa. 341; Okeson's App., 2 Grant, 303; Halsey v. Tate, 52 Pa. 311; Keene's App., 64 Pa. 268; Keene's App., 60 Pa. 504; Eachus' App., 91 Pa. 105.

OPINION BY RICE, P. J., January 18, 1897:

"It would involve intolerable mischief if any intermeddler could compel an executor to file an account of his trust whenever demanded. Hence, the proper practice is, where a person who is not a creditor obtains a citation, to answer it, denying that the petitioner is a creditor. This at once challenges his position as such, and unless he can make out a prima facie claim, it is the duty of the court to dismiss his petition:" Lightner's Estate, 144 Pa. 273. It may be conceded for present purposes that the court might properly have pursued the course above indicated in the present case; but it does not follow that its action in awarding the citation, without requiring the petitioner to prove affirmatively that she had not received the specific articles willed to her, is reviewable. The petition alleged that the petitioner was a legatee and gave the court jurisdiction to compel the respondent to file an account. The answer did not deny that the petitioner was a legatee, but set up a defense to her claim, namely, that she had received her legacy. If the court had heard the testimony on that question of fact and had decided it erroneously, and awarded the citation, still there would be no appeal, because it would not have been a definitive decree. The same is true where the court refuses to go into the evidence upon the questions of fact raised by the answer, until after the account has been filed. The appellate court connot take jurisdiction until a "definitive sentence or decree" has been entered: Act of March 29, 1832, sec. 59, P. L. 213. It is well settled that a decree of the orphans' court citing an executor to file an account is an interlocutory decree from which no appeal lies: Palethorp's Estate, 160 Pa. 316. Concerning this question Chief Justice GIBSON said: "It would be oppressive to drag a suitor here on every intermediate order, to be delayed a year before he could take another step. A suit in the orphans' court would be the business of a lifetime, and the appellate court burdened with much unnecessary litigation:"

Eckfeldt's Appeal, 13 Pa. 171. It is unnecessary to refer to the numerous analogous cases, since these are directly upon the point. It follows that the appeal was prematurely taken.

Appeal quashed.