Lunacy of Peter Garvey.    Appeal of Martin Garvey, Bridget Garvey and Mary Ann Dolphin.

*Appeal—Interlocutory decree—Lunacy— Order of sale not a final decree.*
No appeal lies from an order of sale of real estate of a lunatic because it is not a final decree.    An appeal only lies to the decree confirming the sale.

Argued Jan. 11, 1900.    Appeal, No. 9, Jan. T., 1900, by Martin Garvey, Bridget Garvey and Mary Ann Dolphin, children and next of kin of Peter Garvey, a lunatic, from decree

of C. P. Lackawanna Co., March T., 1896, No. 226, making absolute rule for sale of real estate. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Appeal quashed. Opinion by RICE, P. J.

Petition for sale of real estate. Before the court in banc.

It appears from the record that Peter Garvey had been declared a lunatic, and a petition was filed by his committee for the sale of real estate. Notice of filing said petition and rule granted thereon were given to the wife and three children of the lunatic.

The court made the rule absolute. Martin Garvey et al., children of the lunatic, appealed.

*Error assigned* was in assuming jurisdiction and ordering the sale of the real estate of the lunatic, Peter Garvey, without notice to the next of kin, to wit: Martin Garvey, Bridget Garvey and Mary Ann Dolphin, the appellants in this case.

*M. J. Martin,* with him *I. H. Burns,* for appellants.

*A. A. Vosburg,* for appellee.

OPINION BY RICE, P. J., April 23, 1900:

This is an appeal by the next of kin of a lunatic from an order for the sale of real estate, made upon the petition of the committee, for the payment of debts and to provide for the care and maintenance of the lunatic and his wife. Attached to the committee's petition were (*a*) a copy of a notice to the three daughters of the lunatic, that an application for leave to sell real estate would be made on November 21, 1898, at 9 o'clock A. M.; (*b*) an affidavit of due service of this notice on them on November 19, 1898; and (*c*) an acceptance of service by the wife of the lunatic. On December 6, 1898, the petition was filed (we are speaking from the record) and on the same day a rule to show cause why the sale should not be ordered as prayed was granted. On December 22, 1898, the order of sale was made, but by its terms was not " to take effect" until the giving of bond with sufficient surety to be approved by the court. Between the date of this order and the date when it went into

effect by the filing of the bond, this appeal was taken. The appellants made no application to have the order rescinded or modified, filed no exceptions to the return of sale after confirmation nisi, and took no appeal from the final order of confirmation. If it is now too late for them to appeal from that order they can blame no one but themselves. Having paid no attention to the proceedings in the court below, even after they had notice of them, they are not in a position to ask to have their premature appeal treated as an appeal from the final decree.

That the order appealed from was not a definitive decree and that no appeal lay therefrom seems to be well settled: Snodgrass's Appeal, 96 Pa. 420; Titusville Oil Exchange's Dissolution, 10 Pa. Superior Ct. 496. See also Brown's Appeal, 68 Pa. 53, Robinson v. Glancy, 69 Pa. 89, and Lauer v. Brewing Co., 180 Pa. 593. The subject was fully discussed by Judge BEEBER in Titusville Oil Exchange's Dissolution, supra, and we need not go over the ground again.

The appeal is quashed.