# Walker's Estate.

*Appeals—Interlocutory decree—Quashing appeal—Executors and administrators.*

No appeal lies by an executor from a decree directing him to make return to the court of an order of sale of real estate for payment of debts, granted upon his application, and upon due confirmation of the sale, to execute and deliver to the purchaser a proper deed of the premises. Such a decree is interlocutory.

Argued April 18, 1904. Appeal, No. 119, April T., 1904,

256, (1904).]    Statement of Facts—Opinion of the Court.

by Oliver Conger, from decree of O. C. Greene Co., May T., 1903, No. 8, directing executor to make return of order of sale in estate of John Walker, deceased.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Appeal quashed.

Petition for citation.

The opinion of the Superior Court states the case.

*Error assigned* was the decree of the court.

*Frank W. Downey*, for appellant.

*James E. Sayers*, for appellee.—The decree appealed from is not final: Transit Co. v. Pipe Line Co., 180 Pa. 224; Eckfeldt's App., 13 Pa. 171; Palethorp's Estate, 160 Pa. 316.

PER CURIAM, May 19, 1904:

This is an appeal by an executor from a decree directing him to make return to the court of an order of sale of real estate for payment of debts, granted upon his application, and upon due confirmation of the sale, to execute and deliver to the purchaser a proper deed of the premises.

As it appears by the record that the real estate was sold for less than $1,500, there is no doubt that the appeal, if one lies at all at the time, was properly taken to this court.

But it is objected that the decree is interlocutory, and the appellee, the purchaser at the sale, moved to quash the appeal upon that ground.    This motion must be sustained.    The decree as to the execution and delivery of the deed is conditioned upon the confirmation of the sale, thus showing that something remains to be done before the power of the orphans' court will be exhausted, and the decree become final.    See Titusville Oil Exchange's Dissolution, 10 Pa. Superior Ct. 496, and case there cited; also Eckfeldt's Appeal, 13 Pa. 171; Palethorp's Est., 160 Pa. 316; Starr's Est., 3 Pa. Superior Ct. 212; In re Garvey's Lunacy, 13 Pa. Superior Ct. 277.

The appeal is quashed, the costs thereof to be paid by the appellant.