## Davis, Appellant, *v.* Fenner.

*Husband and wife—Tenant by curtesy—Estoppel—Will.*

Where a wife devises her real estate to two persons for their lives and then over, and the husband permits the life tenants to enjoy the estate during their lives for a period of seven and one-half years, and does nothing to mislead or injure the remainder-man, he may after the death of the life tenants assert his right to the real estate as tenant by the curtesy.

Argued Dec. 4, 1905. Appeal, No. 205, Oct. T., 1905, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1905, No. 2,416, on verdict for defendant on case stated in suit of Samuel M. Davis v. Jane M. Fenner. Before RICE, P. J., BEAVER, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Case stated to determine right to the possession of real estate. The opinion of the Superior Court states the case.

*Error assigned* was in entering judgment for defendant.

*B. F. Owens*, for appellant.—An examination of the authorities in Pennsylvania discloses no case in which a husband or wife has forfeited his or her curtesy or dower by mere lapse of time alone, and the fact that the plaintiff permitted his father-in-law and the latter's wife to collect the rents during the brief time which they lived after the death of the decedent should not militate against his rights as between himself and his daughter: Reynard v. Spence, 4 Beavan, 103; Clarke's App., 79 Pa. 376; Cox v. Rogers, 77 Pa. 160; Woodburn's Est., 138 Pa. 606; Boileau's Est., 201 Pa. 493; White's Est., 23 Pa. Superior Ct. 552; Dickinson v. Dickinson, 61 Pa. 401; Anderson's App., 36 Pa. 476.

*J. J. Rothschild*, with him *Furth & Singer*, for appellee.— The plaintiff by his conduct has estopped himself from claiming any rights in the premises: Wise v. Rhodes, 84 Pa. 402; Patterson's Est., 52 Pitts. L. J. 65; Scholl's App., 1 Monaghan, 572.

The plaintiff's conduct amounted to an election in pais: Bradfords v. Kents, 43 Pa. 474; Boileau's Est., 201 Pa. 493; Dignal's Est., 50 Pitts. L. J. 311; Patterson's Est., 52 Pitts. L. J. 65; Wise v. Rhodes, 84 Pa. 402; Scholl's Estate; 1 Monaghan, 572; Moore's Estate, 23 Pa. C. C. Rep. 340.

OPINION BY ORLADY, J., March 12, 1906:

Mrs. Charlotte L. Davis died May 14, 1897, and by her last will and testament devised to her father, Archibald H. Jarvey, a lot of ground with a dwelling house thereon erected, "for the term of his natural life," and, immediately after the death of the father, "to her step mother, Ann Jarvey, during her natural life," and, from and immediately after the death of Ann Jarvey, then the remainder to Jane M. Fenner, the defendant in this case. Archibald H. Jarvey died September 16, 1901, Ann Jarvey died March 16, 1904, each having occupied the premises under the provision of the will during their respective lives, when Jane M. Fenner entered into possession of the real estate. On November 29, 1904, Samuel M. Davis, the husband of the testatrix, gave notice that he claimed the premises as such husband in his right as tenant by the courtesy. A case stated was presented to the court below for decision. The question submitted

being, " Whether after a passive acquiescence in the terms of his wife's will from the date of her death on May 14, 1897, until November 29, 1904, the plaintiff could, upon the last named date, demand a life tenancy by curtesy in the premises in question." A judgment was entered in favor of the defendant, and the plaintiff presents this appeal. We are not favored with an opinion of the court below, and cannot therefore know the reasons governing its decision. In support of the judgment the appellee urges that inasmuch as the plaintiff had full knowledge of all the facts, and had given his unequivocal assent to the occupancy of the property during the life estates granted to Archibald Jarvey and Ann Jarvey, without making an election to take against the will of his wife, for the unusual period of over seven and a half years, such conduct amounted to an election by him to accept the testamentary disposition of the property, and that he is estopped from claiming any rights in the premises. We assume that the case was disposed of on that theory in the court below.

The defendant in this case did not have any right to the possession of the property in dispute, until after the death of Archibald Jarvey, and of Ann Jarvey. While the husband's right vested at the death of his wife in 1897, if he chose to postpone the assertion of that right so as to permit Archibald Jarvey and Ann Jarvey to enjoy the possession during their lives, it did not in any manner prejudice any right of this defendant. There may have been sufficient reasons, from his standpoint, to warrant such a course towards them, and if Jane M. Fenner was not thereby induced to do something, to incur some liability by reason of such conduct, she was not misled to her injury. She may have hoped, and have even reasonably expected, that he would not assert against her, the right he was willing to waive in favor of others, but it was his privilege to deal so with his interest; and, without more, such non action on his part was not sufficient to extinguish his claim as against this defendant. So far as her right to the property is concerned he delayed putting forth his title from March 16, 1904, the date of Ann Jarvey's death, and not from May 14, 1897, the date of Mrs. Davis' death, as contended for by the appellee.

One who pleads estoppel must be one who has in good faith been misled to his injury. The rule is that one shall be es-

topped from alleging the truth, only when his falsehood or his silence has induced action by the other party that would lead to loss, except for the estoppel : Sensinger v. Boyer, 153 Pa. 628. The principles applicable to such a case are clearly and forcibly set forth in the opinion of Judge STRONG, in Hill v. Epley, 31 Pa. 331 : " Silence in some cases will estop. . . . It is only when silence becomes a fraud that it postpones. . . . It is essential to its being allowed in any case, that it would work an injury. If no one has been misled to his hurt, if no injury has arisen from the conduct, declarations, or silence of the party, he will not be estopped from contradicting them, even though they would be conclusive against his right, if not contradicted." Waiver is usually a question of intent, but by intent is meant not the secret understanding of a party, but the intention as indicated by language or conduct. No estoppel is to be raised from inference or argument: Huss v. Jacobs, 210 Pa. 145. The same in substance is said in Bigelow on Estoppel, sec. 569, 570. " Equitable estoppel consists in holding for truth a representation acted upon, when the person who made it seeks to deny its truth, and to deprive the party who has acted upon it of the benefit obtained. . . . The cases when carefully analyzed show that all of the following elements must actually or presumably be present in order to effect an estoppel by conduct. 1. There must have been a false representation or a concealment of material facts. 2. The representation must have been made with knowledge of the fact. 3. The party to whom it was made must have been ignorant of the truth of the matter. 4. It must have been made with the intent that the other party would act upon it. 5. The other must have been induced to act upon it."

Under the purely equitable doctrines, unmodified by statute, there is, as it seems, no limit in point of time to a right to elect unless it can be shown that injury would result to third persons by delay: Pomeroy's Eq., sec. 573. The mere passivity of the plaintiff during the lives of Archibald Jarvey and Ann Jarvey could not affect the action or conduct of Jane M. Fenner, inasmuch as until their deaths she had no right to the possession, nor could it be known that she would live to claim it. If he could assert his title against Archibald Jarvey or Ann Jarvey, we can conceive of no reason why it should not prevail

against this defendant; each estate depended upon the will of Mrs. Davis as its source, and could not become available until the condition precedent mentioned in the will had happened. He was not obliged to speak or act as against the right of this defendant until she was legally empowered to press her title; and he did speak within eight months of the time of the maturity of her title. She did not expend any money, incur any liability or change her relation to the property by reason of his action or silence in regard to it. There was no concealment of facts, as she had full knowledge of the provisions of the will, and of the plaintiff's relation to the testatrix. There is nothing in the case on which to apply the doctrine of election or estoppel.

The judgment is reversed and judgment is now entered in favor of the plaintiff with costs.