# Grim's Estate.

*Appeals—Order of sale—Interlocutory decree—Quashing appeal.*

An order, by the orphans' court directing the sale of the estate of a decedent is not a final decree from which an appeal lies.

Submitted March 12, 1907. Appeal, No. 18, March T., 1907, by Amos Grim, from decree of O. C. York Co., discharging rule to show cause why an order of sale should not be set aside in Estate of Flora Grim, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Appeal quashed.

Rule to set aside order of sale.

*Error assigned* was the decree of the court.

*E. D. Bentzel*, for appellant.

*E. W. Sprague*, for appellee, filed no printed brief.

PER CURIAM, May 13, 1907:

Flora Grim, who died testate on October 20, 1901, devised and bequeathed all her real and personal estate to her husband, Amos Grim, " as long as he lives or remains unmarried," and, in case of his death or remarriage, to her children in equal

shares. On June 15, 1905, Amos Grim was remarried, and on July 16, 1906, upon the petition of the guardian of the children of the testatrix, the orphans' court ordered a sale of the real estate. The petition set forth, inter alia, that by reason of the remarriage of Amos Grim " all his interest in the personal and real estate of the said testatrix ceased and the same became vested in said minors absolutely and in fee." Annexèd to the petition was a written request signed by Amos Grim that the decree of sale be made as prayed for. On July 30 following he filed a paper refusing to accept the provisions of the will and electing to take his interest in the estate, real and personal, under the intestate laws, and, on August 6 of the same year, the court, upon his petition, granted a rule to show cause why the decree for sale should not be opened and set aside and all proceedings thereunder stayed. The guardian of the minors filed a responsive answer, and after hearing upon depositions the court discharged the rule. Amos Grim then took this appeal. In the opinion filed by the learned judge below the law relative to an election in pais to take under a will in preference to the person's right under the law, is clearly and correctly stated, and we are unable to say that his conclusion from the special facts of the case recited in his opinion that there was such election was not warranted. The case is plainly distinguishable in controlling facts from Davis v. Fenner, 30 Pa. Superior Ct. 389, upon which the appellant's counsel relies. But the question whether an appeal lies from such an order is one which we cannot ignore without establishing a precedent likely to make trouble in the future. " A person aggrieved by a definitive sentence or a decree of the orphans' court may appeal from the same," is the language of the statute upon which the question of the right of appeal and our jurisdiction in the present case depends. Whatever doubt may have existed under some of the earlier decisions upon the question, it is now definitely settled that an order of sale, like the present, is not a definitive decree, and that an independent appeal does not lie therefrom : Snodgrass's Appeal, 96 Pa. 420. See also Titusville Oil Exchange's Dissolution, 10 Pa. Superior Ct. 496, where the subject is fully discussed, and In re Garvey's Lunacy, 13 Pa. Superior Ct. 277, and cases cited.

The appeal is quashed at the costs of the appellant.