## Aurand's Estate.

*Executors and administrators—Citation to account—Petition—Demurrer—Averments as to property—Parties—Act of June 7, 1917.*

1. Where an executor fails to file an account within six months from the date of his letters, as provided by the Act of June 7, 1917, § 46 (a), P. L. 447, he may be cited to account.

2. A son and creditor of the decedent is a proper party to petition for such citation.

3. If the petition avers that decedent was possessed of an estate, it need not aver that no inventory or appraisement has been filed.

4. Nor need the petition aver that any property came into the possession of the executor.

5. A writ of citation needs no oath to support it; it is a creature of the court.

6. If it is served by the sheriff, who is a sworn officer of the court, no oath of his return of service is necessary.

Demurrer to petition for citation. O. C. Snyder Co.

*William K. Miller*, for demurrer; *Charles P. Ulrich*, for citation.

POTTER, P. J., July 19, 1922.—W. M. Aurand died in December, 1919, leaving his last will and testament, wherein he appointed George F. Knouse as

2 D. & C.

executor of his estate. The said executor has not up to the present time filed his account showing his transactions in the settlement of this estate. He should have done so, and is, by the Fiduciaries Act of June 7, 1917, § 46 *(a)*, P. L. 447, 511, required to file such account within six months after administration is granted. This executor is, in this respect, in default, and is the proper subject for the issuance of a citation. The citation was issued on April 5, 1922, the same having been served on him April 6, 1922, by the Sheriff of Snyder County.

The citation was awarded on the petition of G. A. Aurand, who stated under oath in his petition that he is a creditor and a son of the decedent. He is, therefore, a proper person to sue out the citation, as is provided by the Act of March 29, 1832, § 57, P. L. 208: Lightner's Estate, 144 Pa. 273.

A demurrer was filed to the petition and to the citation, setting up four reasons why the citation as well as the petition for it should be dismissed, which we will consider in their order.

"1. Said citation does not contain the date of the issuance of letters of administration to George F. Knouse, nor does it allege that an inventory or appraisement has been filed in the estate."

In support of this reason the case of Mead's Estate, 4 Dist. R. 750, is cited. In that estate Judge Hanna, *inter alia*, says: "Yet it (the petition for the citation) fails to allege either that an inventory and appraisement of the personal estate of decedent, showing the amount thereof at the date of her death, was ever filed by the administrator or that she died possessed of or entitled to any personal estate whatever, or that any property of decedent ever came into the possession of the administrator." The judge dismissed the petition. There was nothing in this petition showing whether or not the decedent left any estate, and because of this discrepancy the petition was dismissed. There would be no need of an account if there were no funds or property in the estate, and, hence, nothing to account for. We agree that Judge Hanna was right in dismissing that petition. In the case at bar the statement is made in the petition for the citation that "the testator died seized of both real estate and personal property," and the inventory shows personal estate to the amount of $630. Even if there is no real property, the allegation in the petition is sufficient to sustain it, and whether or not there is property of the estate is a matter to be proven or disproven later on in the proceedings.

"2. It does not state any property whatever came into the possession of the executor, George F. Knouse."

George F. Knouse, as executor, steps into the place of the decedent, and any property left by him naturally, by the provisions of the law, falls into the care of the executor; so that, with the statement in the petition that "the testator died seized of both real and personal property," it is enough to show that some property would fall into the hands of the executor, and it is his place to show what that property was, and what became of it, by an account.

"3. That the said writ of citation is not supported by oath or affirmation as the law directs, to wit, the act of the assembly, the 57th section of the Act of March 29, 1832."

The writ of citation is a creature of the court and needs no oath to support it. It is a writ of the court, issued for the court by the clerk of the court. It was served by the sheriff, who is a sworn officer of the court, and no oath to his return of service is necessary.

"4. That the said writ of citation is in other respects uncertain, informal and insufficient."

This reason is too general in its terms. Minuteness and specification is required in all legal proceedings. It should be stated wherein the writ is uncertain, informal and insufficient. We have carefully examined the writ of citation and can find no defect in it. It was issued by the Clerk of the Orphans' Court in the usual form, properly attested and properly served. We think it is correct.

And now, to wit, July 19, 1922, the demurrer is overruled. The executor is given twenty days from this date in which to file an answer to the citation, should he so desire to do, and in default thereof he is directed and ordered to file his account, so that it will come up for confirmation at October Term of this court. The Clerk of the Orphans' Court is directed to immediately notify respective counsel of the filing of this opinion.