## Thompson's Estate

*Solomon Hurwitz*, for petitioner; *George Kunkel*, for executors.

Fox, J., April 16, 1934.—We have before us a petition for a citation on the executors of the above-named estate to file an account, to which petition an answer was filed.

The petition, in substance, avers that the decedent died on May 14, 1933, and by his last will and testament appointed Katherine Kunkel Thompson and Citizens Trust Company of Harrisburg executors, and that letters testamentary were taken out by them on May 20, 1933; that the said executors have not filed any account, although requested by the petitioner to do so, and that the petitioner is a creditor of the estate to the extent of an amount greater than $2,100, by virtue of a contract for the purchase of real estate entered into by the decedent in his lifetime and the petitioner.

The answer is that a citation should not be awarded "because the petition is inaccurate, misleading, and untrue in averring that the company is a creditor of the estate to an extent greater than $2,100."

Section 46 (a) of the Fiduciaries Act approved June 7, 1917, P. L. 447, provides as follows:

"It shall be the duty of every executor and administrator to file in the register's office a just account of the administration of the estate at the expiration of six months from the time of administration granted, or when thereunto required by the orphans' court; and any executor or administrator may be cited to file his account, after the expiration of six months from the date of issuance of letters testamentary or of administration, on petition of any person having an interest, present or future, vested or contingent, in the estate of the decedent, or on petition of any creditor of the decedent."

A similar case was considered by this court in Laverty's Estate, 30 Dist. R. 507, in which Hargest, P. J., wrote the opinion, and at page 509, said:

"In any event, the right of a creditor to proceed in the Orphans' Court seems to be concurrent with his right to proceed by a common law action: Phillips, Administrator, v. Railroad Co., 107 Pa. 465. We know of no case which holds that the court may relegate a creditor to his common law action and deny him the right to proceed to have his claim adjudicated at the Orphans' Court."

And at page 508 he said: "In Clinton's Estate, 8 Dist. R. 661, the court said: 'even where the claim of the petitioning creditor is denied, he is only required to make out a *prima facie* claim to entitle him to the account: Lightner's Estate, 144 Pa. 273; McNeal's Estate, 6 Kulp 271. And should there be a doubt as to the validity of his claim, the petitioner will be given the benefit of the doubt and the executor ordered to account: Kern's Estate, 11 Lanc. Law Rev. 15'", and citing Wistar's Estate, 5 W. N. C. 128, said "that where the petitioner was a creditor, and it was denied by the executor that he had a claim against the estate, the court would not try that question in such a preliminary proceeding, because it could be more properly adjudicated upon the audit and settlement of the account."

The act is mandatory and it is the duty of the executor under the act to file an account within 6 months after letters testamentary are taken out.

Wherefore, we are of the opinion that the said executors should file an account as required by law.

And now, April 16, 1934, upon due consideration it is hereby ordered, adjudged, and decreed that the executors of the estate of Edwin C. Thompson, deceased, file an account within 30 days from the date of filing this opinion, the costs of this proceeding to be paid by the said estate.

From Homer L. Kreider, Harrisburg, Pa.