## Joyce's Estate

*Blanc & Steinberg*, for petitioner.
*John G. Kaufman*, for respondent.

LADNER, J., January 20, 1939.—Section 46 (*a*) of the Fiduciaries Act of June 7, 1917, P. L. 447, expressly makes it the duty of an executor or administrator to file an account after six months from the date of the issuance of letters, yet no one but a creditor or a party interested in the estate has the right to a citation upon an executor

or administrator to settle an account, and a creditor must show at least a prima facie claim: Lightner's Estate, 144 Pa. 273.

Petitioner's allegation as to the nature and character of his claim is found in paragraph 3, which reads:

"That your petitioner is . . . a creditor for a balance due upon a negotiable promissory note, under seal, executed by the said decedent, of which petitioner is a holder in due course, said balance, with interest and attorney's fees being in the sum of approximately $3500, no part of said sum having been paid."

We think such an allegation is far too indefinite and general to establish a prima facie claim. While we are not inclined to deny any creditor an opportunity to have his claim adjudicated in this court at an audit (see Thompson's Estate, 20 D. & C. 669), yet personal representatives, because they do not have the same knowledge as the decedent, are entitled to be informed of the particulars of the claim so that they may have the essentials upon which to make an investigation and to answer. This is especially so where, as here, nearly nine years have elapsed since decedent's death. These essentials should include a copy of the note or instrument upon which claim is based (See Pennsylvania Rules of Equity Practice, Rule 34) ; a definite statement of the amount claimed and the items that comprise it; the consideration of the note; how, when, and for what purpose claimant acquired it, or became a holder in due course, etc.

Moreover, when there has been long delay, as here, the petition should also contain an explanation thereof: Wilt's Estate, 13 Dist. R. 483 (Penrose, J.). The same rule prevails in equity practice: Riley v. Boyton Coal Co. et al., 305 Pa. 364. See also Bangert v. Provident Trust Co., Exec., et al., 314 Pa. 442.

The preliminary objections are sustained with leave to petitioner to present a new petition in conformity with this opinion.