## Joyce's Estate

*Blanc & Steinberg*, for petitioner.
*John G. Kaufman*, for respondent.

VAN DUSEN, P. J., May 12, 1939.—Decedent executed some notes under seal accompanying a Florida mortgage in 1925, and died in 1929. Meanwhile, the notes and mortgage had passed into the ownership of a trust company in Florida; the mortgage had been foreclosed in 1927 and a deficiency had been realized. The trust

company failed in 1931 and its assets passed into the possession of the State authorities. Claim on the notes was made in April 1938, against the administratrix of the maker and a petition for a citation to file an account followed. This petition was dismissed without prejudice for lack of particularity in the statement of the creditor's claim; and the present petition is now presented. Preliminary objection is made on several grounds.

The creditor, in order to be entitled to an account, is required to present only a prima facie claim: Lightner's Estate, 144 Pa. 273. The photostatic copy of the note attached to the petition shows that the printed word "semiannual" has been stricken out and the word "annual" written in in the same style of typewriting as that employed in filling in the rest of the note. This alteration is not prejudicial to the maker, and is therefore presumed to have been made before the execution of the note: Bowman v. Berkey et al., 259 Pa. 327.

The objection that all the detailed items are not given which enter into the calculation of the deficiency upon the notes, does not defeat the claim on its face. We think the claim is stated with sufficient particularity to require the filing of an account.

The most serious objection is that of laches. It seems uncertain whether the definition of laches includes an element of prejudice to the respondent as the result of the delay, such, for example, as the death of the original respondent or of important witnesses. See the definitions collected at 21 C. J. 210 §211. It may be that the definitions can be reconciled by allowing an inference of prejudice to be drawn from very long delay. In the present case there is no actual prejudice shown, such as the death of a party or a witness, and the delay of nine or ten years is not long enough to warrant an inference of prejudice from the lapse of time alone. If upon a

hearing, prejudice due to the delay should appear, a different question would be presented.

The preliminary objection is overruled and the respondent is allowed 15 days to answer.