564 A.2d 1040

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant,**

v.

**George J. KMETZ and Victoria S. Kmetz, City of Nanticoke and Wyoming Valley Sanitary Authority, Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1989.

Decided Oct. 5, 1989.

98

Thomas M. Devlin, Deputy Atty. Gen., Torts Litigation Section, Office of Atty. Gen., Harrisburg, for appellant.

Maurice A. Cardone, Wilkes–Barre, Richard G. Fine, Scranton, George A. Spohrer, Joseph F. Iracki, Wilkes–Barre, for appellees.

Before BARRY and PALLADINO, (P.), JJ., and BARBIERI, Senior Judge.

## OPINION

BARRY, Judge.

Appellees,[1] George and Victoria Kmetz, instituted this action against the Commonwealth of Pennsylvania, Department of Transportation (Department), to recover damages resulting from the continual collapse of the roadway in front of the appellees' home. The action was commenced by writ of summons on March 17, 1988, and, after being ruled to do so, appellees served and filed their complaint on May 23, 1988. Appellees' complaint was endorsed with a notice to defend pursuant to Pa.R.C.P. 1018.1. The Department's answer and new matter to the complaint was filed on June 27, 1988, fourteen days after that pleading was due. The new matter raised, inter alia, immunity from suit and the statute of limitations as affirmative defenses to this action.

On July 13, 1988, the appellees filed preliminary objections requesting that the trial court strike the Department's new matter on the grounds that it was not filed within twenty days of the service of the complaint as required by Pa.R.C.P. 1026.[2] By order dated September 15, 1988, and entered September 19, 1988, the trial court granted appellees' preliminary objections and dismissed the Department's

---

1. Appellees, City of Nanticoke and Wyoming Valley Sanitary Authority, are not participants in the present appeal.

2. Appellees' preliminary objections to the Department's untimely new matter are permitted by Pa.R.C.P. 1017(b)(2), which allows prelimi-

new matter. Believing that the order entered on September 19, 1988 was interlocutory, counsel for the Department requested the trial court to amend its order to include the statement prescribed by 42 Pa.C.S. § 702(b)[3] so that the Department could request our permission to prosecute an appeal from the trial court's order. The amended order was entered on October 14, 1988, and the Department filed its "petition for review" in this court on November 10, 1988. On December 1, 1988, we ordered that the Department's "petition for review" be deemed a petition for permission to appeal pursuant to Pa.R.A.P. 1311, granted said petition and stayed all trial court proceedings.

Without addressing any other aspect of this appeal, the Pennsylvania Supreme Court's opinions in *Grota v. LaBoccetta*, 425 Pa. 620, 230 A.2d 206 (1967), and *Posternack v. American Casualty Company of Reading*, 421 Pa. 21, 218 A.2d 350 (1966), require us to hold that the order of the trial court entered on September 19, 1988 was final and appealable. Because that order was not appealed by the Department within thirty days of its entry, we are constrained to quash[4] the Department's appeal as untimely.

## DISCUSSION

This Court has jurisdiction to hear appeals from final orders of the courts of common pleas, 42 Pa.C.S. § 762(a)(1);

nary objections in the nature of a motion to strike a pleading for lack of conformity to law or rule of court.

3. 42 Pa.C.S. § 702(b) provides:

(b) *Interlocutory appeals by permission.*—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

4. Although neither party questions our jurisdiction to hear this appeal, we are obligated to raise jurisdictional questions sua sponte. *Pennsylvania Dental Association v. Commonwealth of Pennsylvania Insurance Department*, 512 Pa. 217, 230–31, 516 A.2d 647, 654 (1986).

Pa.R.A.P. 341, interlocutory appeals as of right, 42 Pa.C.S. § 702(a); Pa.R.A.P. 311, and interlocutory appeals by permission, 42 Pa.C.S. § 702(b); Pa.R.A.P. 312. This is not one of the seven specified interlocutory orders which is appealable as of right under 42 Pa.C.S. § 702(a) and Pa.R.A.P. 311. For that reason, our analysis concerns only whether this is a timely [5] interlocutory appeal by permission or whether the order of the trial court entered on September 19, 1988 was final and this appeal untimely.

The determination of what constitutes a final order has caused much consternation within the bench and bar. *See, e.g., Grim v. Betz,* 372 Pa.Superior Ct. 614, 623, 539 A.2d 1365, 1369 (1988) (Beck, J., concurring) (calling for the reform of the rules relating to the appealability of orders); *National Recovery Systems v. Perlman,* 367 Pa.Superior Ct. 546, 551, 533 A.2d 152, 154 (1987) ("both the bench and bar would be better served by a return to the strict definition of a final order...."). In earlier times, the determination was uncomplicated. An order of the trial court was final if it precluded a party from further action in that court. *Pennsylvania Steel Co. Appeal,* 161 Pa. 571, 575, 29 A. 294 (1894); *Eckfeldt's Appeal,* 13 Pa. 171, 171–72 (1850). Stated another way, an order was final *only* if it put a *party* "out of court". *Adcox v. Pennsylvania Manufacturers' Association Casualty Insurance Company,* 419 Pa. 170, 175, 213 A.2d 366, 368 (1965). Although this remains the purported standard of finality, *see, e.g., Wall v. Wall,* 517 Pa. 29, 534 A.2d 465 (1987); *Sweener v. First Baptist Church of Emporium,* 516 Pa. 534, 533 A.2d 998 (1987), the reality is that this succinct statement of finality has been subjected to so many exceptions that the standard is now unworkable.

**5.** Pennsylvania Rule of Appellate Procedure 1311(b) provides that if an order is entered which does not contain the requisite language to seek permission to appeal, that order "may be amended to include the prescribed statement at any time, and permission to appeal may be sought within thirty days after the entry of the order as amended". The Department's petition was filed in this Court on November 10, 1988, less than thirty days after the entry on October 14, 1988 of the amended order containing the required statement.

Pertinent to the present inquiry is an exception to the pure "out of court" standard which developed in *Posternack*. In that case, plaintiff brought an action against the defendant-insurer to recover under a policy of insurance for damages sustained in a fire loss. The defendant-insurer filed a petition in the trial court requesting leave to amend its answer and new matter to include the affirmative defenses of res judicata and collateral estoppel based upon resolution of a prior action by plaintiff against a different insurer arising out of the same loss. When leave to amend was denied, the defendant-insurer appealed.

The plaintiff in *Posternack* filed a motion to quash the defendant-insurer's appeal on the basis that the order appealed from was interlocutory. In overruling plaintiff's motion to quash, the Supreme Court stated: "The order involved effectively precludes proof at trial of what might possibly be a complete defense to the cause sued upon. *As to this defense, at least, the order appealed from puts the defendant 'out of court'. It is, therefore, an appealable order". Posternack*, 421 Pa. at 24, 218 A.2d at 351 (emphasis added).

The reasoning of *Posternack* was applied subsequently in *Grota*, where our Supreme Court found final an order of the trial court denying the defendants leave to amend their responsive pleadings to include the affirmative defense of release. The *Grota* opinion states:

> [T]he plaintiff submits that the appeal is out of order and should be quashed on the basis that the order to which objection was made was merely interlocutory. We cannot accept this argument. The defense sought to be injected by the amendment was an affirmative one and thus had to be pleaded, on the risk otherwise that it might be deemed to have been waived. Therefore, when the court held that the amendment was not pleadable, the petitioners were, on that feature of the case, put out of court. From this it inevitably followed that the order below became final and appealable. In *Posternack v. American Casualty Co.*, 421 Pa. 21, 218 A.2d 350, we stated

that where the new proposed defense is affirmative in character, and thus must be pleaded or be deemed to have been waived, the order of the court denying the pleading precludes proof of such defense at the time of trial and, accordingly, *as to that defense the order 'puts the defendant out of court'.*

*Grota,* 425 Pa. at 623, 230 A.2d at 207 (emphasis added).

Recently the Supreme Court had an opportunity to overrule *Grota* but refused to do so. Instead, a further exception was carved from the out of court standard. In *Bruno v. Elitzky,* 515 Pa. 47, 526 A.2d 781 (1987), the court found that a sanction order which strikes a defendant's new matter is interlocutory. Noting the inconsistency between *Grota* and *Bruno,* then Justice Hutchinson dissented. He opined:

[I]n *Grota v. LaBocetta* [sic], 425 Pa. 620, 230 A.2d 206 (1967), we held that a trial court's refusal to allow an amendment of defendant's answer to include an affirmative defense was a final order and thus appealable. We reasoned that precluding the opportunity to amend to incorporate an affirmative defense put them out of court. The extreme sanction order entered here also deprives appellants of the opportunity to assert affirmative defenses.... The order here is simply not analogous to the myriad interlocutory orders involving discovery.... While I agree that most discovery sanctions are not final and appealable, the sanctions in this case effectively put the appellants out of court on a number of key defenses. Unless we overrule LaBocetta [sic] and its progeny, this discovery sanction is *a fortiori* a final order and appealable.

*Bruno,* 515 Pa. at 54–55, 526 A.2d at 784 (Hutchinson, J., dissenting).

In a footnote to the majority opinion in *Bruno,* Justice Papadakos responds to this dissent. The majority opinion states:

Mr. Justice Hutchinson has entered a dissent groping with the viability of *Grota v. LaBoccetta,* 425 Pa. 620, 230 A.2d 206 (1967), which dealt with the substantive merits of an affirmative defense. By contrast, disposition of the case under review is based on the issue of a sanction order for failure to respond to interrogatories. *This qualitative difference clearly distinguishes the two cases.*

*Bruno,* 515 Pa. at 50, n. 1, 526 A.2d at 784, n. 1 (emphasis added).

In other words, there is no longer a requirement that an order put a *defendant* out of court before that order is final and appealable. Rather, after *Posternack* and *Grota,* appellate review is proper if one of the defendant's *defenses* is put out of court. But the determination of finality does not end there. *Bruno* requires that the determination also include inquiry into *how* the defense was put out of court. Accordingly, even though two orders may have identical impact upon a defendant's ability to prove an affirmative defense at time of trial, an order striking untimely new matter is final but an order striking new matter as a discovery sanction is interlocutory. This standard is incongruous.[6]  As stated by Judge Del Sole in *Zarnecki v. Shepegi,* 367 Pa.Superior Ct. 230, 245–46, 532 A.2d 873, 881 (1987) (Del Sole, J., dissenting):

> The present state of the law [regarding the appealability of orders] is confusing to say the least. Our appellate courts have held that the failure to immediately appeal one of these misnomered 'final and appealable orders' results in a loss of the right to have the trial court action later reviewed. (Citations omitted.) This in and of itself invites cautious counsel, when faced with the difficult question of determining whether or not an order is ap-

---

**6.** Inconsistency in the application of rules governing the appealability of orders is particularly troublesome in light of a litigant's constitutional and statutory right to appeal. Pa. Const. art. V, § 9; 42 Pa.C.S. § 5105. As the rules regarding the appealability of orders are made more complex, exercising the right to appeal becomes increasingly difficult.

pealable, to take an immediate appeal, delay the litigation at the trial level and further burden the appellate courts of Pennsylvania.

Further, the application of the rule of 'final and appealable' is inconsistent. As an example, an order striking an affirmative defense raised in a new matter which alleges forgery of a document would be considered 'final and appealable' for interlocutory appeal purposes. However, a trial court's ruling during trial disallowing expert testimony to establish the alleged forgery would not be 'final and appealable'. In either event, the result to the litigant is the same and in both cases the review of the respective orders could be postponed until the conclusion of all activity at the trial court level.

. . . .

The law in this area, as I have said, is unclear to litigants and lawyers. A total re-examination and re-evaluation must be forthcoming so that these interlocutory appeals which are taken from misnamed 'final orders' would not be permitted.

The inconsistency of the application of our finality standard is evident when the present case is compared with *Turner Construction Co. v. Hebner*, 276 Pa.Superior Ct. 341, 419 A.2d 488 (1980), the case relied upon by the trial court in the instant proceeding in dismissing the Department's new matter. In that case, the trial court struck new matter which was filed more than three years after the service of plaintiff's properly endorsed complaint. The new matter raised for the first time defendant's alleged status as plaintiff's decedent's statutory employer. Defendant thus attempted to plead that the Workmen's Compensation Act provided a bar to plaintiff's suit in trespass. In affirming the trial court, the Superior Court specifically stated that the trial court's order was before the appellate court for review as an interlocutory appeal by permission. *Turner*, 276 Pa.Superior Ct. at 344, 419 A.2d at 490.

We believe the Department has been trapped within the web of inconsistency surrounding our rules governing the appealability of orders. In our view, an order dismissing new matter does not put a *defendant* out of court so as to render the order final and appealable. The parties and the trial court apparently share this belief since no one has questioned the procedure followed by the Department in requesting our permission to appeal the trial court's "interlocutory" order. Further, we believe the apparent reasoning of the Department (i.e., any order which falls short of putting a *party* out of court is interlocutory and, unless otherwise permitted by statute or rule, permission to appeal must be sought if relief is to be had prior to the litigation being terminated at the trial level), provides a consistent finality standard for judges and lawyers.

We are constrained, however, to follow our Supreme Court's decisions in *Grota* and *Posternack*. Accordingly, the order of the trial court dismissing the Department's new matter was final and became res judicata when the order was not appealed within thirty days of its entry upon the docket below. Pa.R.A.P. 903(a). The Department's request that the trial court amend its order to include the statement prescribed by 42 Pa.C.S. § 702(b) did not operate to extend the time within which to appeal the final order entered on September 19, 1989. Because no appeal was taken within thirty days of the entry of the trial court's order on September 19, 1988, we are required to quash the Department's appeal as untimely.

## ORDER

NOW, October 5, 1989, the appeal of the Commonwealth of Pennsylvania, Department of Transportation in this case is hereby quashed.