## SMITH v. BLACK.

A citation to executors is matter of right, and the court cannot dismiss the petition because they know that the matter has already been determined, unless it appear on the record.

APPEAL from the Orphans' Court of Washington.

The legatees of Black filed a petition against his executors,

among other things charging that they were wasting the assets, and praying a decree for payment of the legacies. The court dismissed the petition, because they had no jurisdiction as to part of the matters stated, and because the rest of petition had already been passed upon.

*Alden,* for appellants.

PER CURIAM.—The subject of the appellant's petition was clearly within the jurisdiction of the court, and it ought to have been entertained. At least a part of the matter charged was proper to be answered, and only by the executors after they had been brought in. To the rest, they might perhaps have demurred. But the court ought not to have arrested the proceeding in the first instance; for the citation was as much a matter of right as a subpœna in chancery. Besides, the court could not be judicially informed, in the first instance, that a part of the matter had already been adjudicated. A judge could not quash an original writ, because he might know that the matter had been previously tried, instead of leaving the defendant to plead it. We know nothing of previous litigation between the parties. We have no more before us than a petition for a citation, with a rejection of it for no apparent cause; and we must not lose sight of the leading principles of regular practice. The record is remitted, to enable the court to get at the merits in the regular way.

Decree reversed, and *procedendo,* with citation, awarded.