## Rufus Krug, Appellant, *v.* Amelia Keller.

*Partition—Amicable distribution and accounting—Laches—Necessity of notice to lien creditors of cotenant.*

All parties interested in a proceeding in the orphans' court are entitled to notice of every petition or motion not grantable of course, and where an order, decree or judgment has been wrongfully entered without notice to a party who was entitled to notice, such party may demand its vacation, at least to the extent that it affects his interest.

Three children interested in real estate of their deceased father instituted partition proceedings. One sister was appointed trustee, made a sale and had an amicable distribution and release, her account being con-

firmed by the orphans' court.  *Held*, That a creditor of the trustee who had reduced his claim to judgment was entitled to have the discharge of the trustee set aside, together with the amicable distribution and that, he having had no notice of the trustee's filing of her account, no laches could be imputed to him by reason of the lapse of a year or more between filing the account and the presentation of the petition.

. Argued March 11, 1898.   Appeal, No. 49, March T., 1898, by plaintiff, from decree of O. C. York Co., discharging rule for citation.  Before RICE, P. J., WICKHAM, BEAVER, REEDER, SMITH and PORTER, JJ.  Reversed.

.Rule for citation to show cause why defendant should not pay certain moneys to petitioner.   Before STEWART, J.

The facts sufficiently appear in the opinion of the court.

The court below discharged the rule.   Plaintiff appealed.

*Errors assigned* were (1) in refusing, on presentation of the petition of Rufus Krug, to grant a citation to Amelia Keller, administratrix d. b. n. of Wm. Stahl, late of Hanover borough, deceased, and trustee to sell certain real estate of said decedent, to pay to Rufus Krug the sum of $465.30 with interest from March 31, 1896, or to appear in court and answer the allegations in said petition and show cause why she should not pay said sum of $465.30 with interest to Rufus Krug out of the balance on her account as trustee to sell said real estate. (2) In discharging the "rule to show cause why a citation should not issue," and directing the petitioner to pay the costs. (3) In finding that the petitioner's rights, as against Amelia Keller, as trustee, were gone by reason of his laches.  (4) After having found the judgment of the petitioner to be still due and unpaid, the court erred in refusing to order Amelia Keller to pay $465.30, her share of the proceeds of the sale of the said real estate, to Rufus Krug, the petitioner.

*A. C. Wiest*, with him *C. J. Delone*, for appellant.—Even a first mortgage on an undivided interest in real estate is discharged by a sale in partition, and the mortgagee is then entitled to satisfaction of his mortgage out of the proceeds belonging to the interest on which he had a lien: Wright v. Vicker's Admrs., 81 Pa. 122; Ins. Co. v. Farmers' Bank, 57 Pa. 388; Reeds v. Fidelity Ins., etc., Co., 113 Pa. 574.

Laches operate in analogy to the statute of limitations, and will not bar a right before the time fixed by the statute, without other circumstances in the nature of an estoppel: McLaughlin v. Shields, 12 Pa. 283; Calhoun's Appeal, 39 Pa. 218.

It has never been held that a mere delay in enforcing a legal demand against a negligent, unfaithful trustee, released him from his official duty or liability: Kittel's Est., 156 Pa. 451.

The discharge by the court of Amelia Keller as trustee can avail her nothing in this proceeding. She is still an active trustee of the proceeds of the sale, and will remain such until she has paid them to the persons entitled by law to receive them: Thomas v. Riegel, 5 Rawle, 266.

*C. M. Wolff*, for appellee.—The trusteeship ceased with the discharge of the trustee and her bondsmen by the decree of the orphans' court; and she is now no longer subject to a citation until that decree has been vacated and duly rescinded.

The appellant has been guilty of gross laches in the premises; and he alleges no fraud to have been practised on him by the appellee in the delay and collection of the alleged judgment.

OPINION BY SMITH, J., July 29, 1898:

Rufus Krug held a judgment against Amelia Keller, which was a lien on her undivided one third interest in certain real estate owned by herself and her two sisters, the children and heirs at law of William Stahl, deceased. The heirs joined in proceedings for the partition of the real estate, which resulted in an order of sale, and Amelia Keller was appointed trustee to execute it. The sale was duly made, confirmed, and the purchase money paid. She filed an account as trustee, showing a balance for distribution of $1,395.92, which was confirmed by the court March 31, 1896. On April 13, 1896, the trustee and her two sisters presented a petition to the orphans' court, alleging that the balance had been divided among themselves, and releases to Amelia had been executed and recorded, and praying for her discharge. Whereupon the court, on the same day, discharged her as administrator and trustee. On August 30, 1897, the appellant, Rufus Krug, presented his petition, recit-

ing the judgment, its lien on the real estate, the sale by the trustee, her refusal to pay his claim, and praying for a citation to the appellee to show cause why she should not pay the judgment, and for such further order as the court deemed proper. Upon this the court granted a rule to show cause why the citation should not issue, as prayed for. The appellee filed an answer to the rule, admitting that, as trustee, in pursuance of the proceedings in partition, she had sold the real estate referred to, and that, " by the unanimous consent and agreement of the heirs at law," the balance of $1,395.92, was distributed " by the respondent without the intervention of an auditor," to and among the heirs aforesaid, that her sisters had executed releases therefor, and that she had been discharged by the court as aforesaid. The answer also alleged payment of the judgment; but on taking depositions in support of the rule this allegation was not sustained.

It nowhere appears that the appellant was notified of the filing of the account, or its confirmation, or of the proceedings to discharge the trustee, nor that he had assented to the amicable distribution of the purchase money. On these points the record is silent. It was stated on the argument at bar that no notice was given to the appellant of any of these proceedings, and this statement was not denied. In disposing of the rule, the court said, in substance, that the judgment had not been paid, but that the appellant had been guilty of laches, and therefore the rule was discharged.

It is admitted that the judgment was a lien on the real estate sold under the proceedings in partition. By operation of law the lien was discharged by the sale, and followed the proceeds; and upon the trustee's failure, within a reasonable time, to apply them in payment of the judgment, the appellant had a right to come into court, and, under the provisions of the Act of March 29, 1832, have a citation against her, which, on an adequate showing, is a matter of right: Smith v. Black, 9 Pa. 308. However, the citation is " in substance but a rule to show cause: " Lightner's Estate, 144 Pa. 273. Practically, a citation and a rule to show cause serve the same purpose, and the grounds of the petition on which either is issued may be denied by answer, and an issue thus raised. This was done in the present case, and the principal matters in dispute—the le-

gality of the plaintiff's claim, and the misappropriation by the trustee—were found in his favor, but he was denied redress because of alleged laches. No laches was set up by the appellee in her answer or shown by evidence, nor did the court state specifically wherein the appellant was thus in default, but seems to have presumed it from delay, although the point was not raised by the parties, and the record failed to disclose it. Evidently, the ground on which laches was assumed in this case was unreasonable delay; neglect to do a thing at the proper time. It implies an injury to the opposite party. From the record the appellant appears to have been in no default, the neglect being that of the appellee in failing to give notice of the filing and the audit of her account, as the law directs. Until some notice was given requiring action he was in no default. The reason, therefore, assigned for dismissing the rule, was unfounded in law and in fact.

By the act of March 29, 1832, P. L. 207, it is provided that: "In all cases in which heirs, legatees or distributees are interested, and in consequence of such interest, notice shall be required to be given to them or any of them, of any proceedings in the orphans' court, such notice shall, in all cases, be given in the following manner. . . . To all persons resident within the county in which the court has jurisdiction, notice shall be given personally, or by writing left at their place of abode." It is not denied that the appellant was residing in the county of York during the period covered by these proceedings, and was always accessible to service of judicial process; nor is it pretended that he was notified of the proceedings at any stage. Yet it is sought to conclude him by the decree of discharge procured ex parte. This cannot be done. To cut him off by a judicial decree without hearing or notice would be contrary to the cardinal principles of natural justice, and consequently void: GIBSON, C. J., Com. v. Green, 4 Whart. 531, 601. In Lancaster's Appeal, 111 Pa. 524, it is said: "All parties interested in a proceeding in the orphans' court are entitled to notice of every petition or motion, not grantable of course, as provided by the statutes. . . . Where an order, decree or judgment has been wrongfully entered without notice to a party who was entitled to notice, such party may demand its vacation, at least to the extent that it affects his interest. His

right is that he be heard before the judge or court decides, not that there may be an ex parte hearing and adjudication, after which he may, if he can, show that the adjudication unjustly affects him." There are many other authorities to the same effect.

No objection is made to the sale or the account. The complaint is against the manner of distribution. The argument that the appellant is precluded by the order of discharge cannot prevail. " Orphans' court decrees are doubtless conclusive. They cannot be impeached collaterally. But like all other judgments they are conclusive only of the thing adjudicated:" Dresher v. Water Co., 52 Pa. 225 ; Thompson v. Stitt, 56 Pa. 156. Here there was no attempt to adjudicate the appellant's claim; the orphans' court never passed upon his right to the fund; and the agreement of the heirs is not binding on him: Bloom's Appeal, 13 Pa. 403. It is the duty of the orphans' court to investigate proceedings and enforce the rights of creditors interested therein before discharging trustees. The distribution and the discharge of the trustee, so far as the appellant is concerned, are void, and should have been so treated by the court below, and the fund distributed to the parties entitled thereto. In order that this may be done the order of the court must now be reversed.

The order discharging the rule is reversed and the rule reinstated; the discharge of the trustee is set aside, together with the confirmation of the amicable distribution, so far as the rights of the appellant are affected, and it is further ordered and decreed that the court below proceed, through an auditor if necessary, to ascertain the rights of the parties to the fund and make distribution thereof to those entitled thereto, according to law; the costs of this proceeding to be paid by the appellee.