410 A.2d 776

**In re ESTATE of Joseph T. LACHMUTH, Deceased.**

**Appeal of Ethel M. BRYANT, Administratrix, C. T. A.**

Supreme Court of Pennsylvania.

Submitted Oct. 10, 1979.

Feb. 1, 1980.

Flaherty, J., filed opinion in support of affirmance in which O'Brien and Nix, JJ., joined.

Roberts, J., filed an opinion in support of reversal in which Eagen, C. J., and Larsen, J., joined.

Larsen, filed an additional opinion in support of reversal.

Michael J. Pepe, Jr., Philadelphia, for appellant.

Counsel insists there is no opposing counsel.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## ORDER

PER CURIAM.

The court being equally divided, the Decree is affirmed.

MANDERINO, J., did not participate in the decision of this case.

FLAHERTY, J., files an Opinion in Support of Affirmance in which O'BRIEN and NIX, JJ., join.

ROBERTS, J., files an Opinion in Support of Reversal in which EAGEN, C. J., and LARSEN, J., join.

LARSEN, J., files an additional Opinion in Support of Reversal.

## OPINION IN SUPPORT OF AFFIRMANCE

FLAHERTY, Justice.

This is an appeal from dismissal of a Petition for Citation by the Court of Common Pleas of Philadelphia County, Orphans' Court Division, on August 8, 1977.[1] The trial judge dismissed the petition on the ground that it was not typewritten or printed and thus, did not conform to Philadelphia Orphans' Court Rule 34.1 (hereinafter Rule 34.1). We affirm.

The relevant facts are as follows. Upon the demise of Joseph T. Lachmuth, appellant, Ethel M. Bryant, was granted Letters of Administration, C.T.A. by the Register of Wills of Philadelphia. Appellant subsequently filed a Petition for Citation, which is the subject of this appeal. As stated in appellant's brief,[2] "a Petition for Citation was prepared by typing on paper. This was edited and revised and the final product produced by xerox process, executed and filed." (Appellant's Brief p. 6). The trial judge afforded appellant the opportunity to correct the error by advising her that the "original" Petition must be filed as opposed to a "copy". Appellant states that she was unable to comply with the judge's request because her "original" was in fact the xerox copy which she had executed and filed. The trial judge thereupon dismissed the petition *sua sponte* for its failure to conform to Rule 34.1.

Rule 34.1 provides, in relevant part, as follows:

Form. Additional Requirements.

(a) Typing. Endorsement: Every pleading shall be type-written, double-spaced, or printed and shall be endorsed with the name of counsel appearing in court.

\* \* \* \* \* \*

1. Jurisdiction of this appeal is vested in this Court by the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202(3), 17 P.S. § 211.202(3), (current version at 42 Pa.C.S.A. § 722(3)).

2. We were not benefitted by argument of counsel in this case; nor do we have the benefit of a brief by appellee. Thus, our only point of reference is appellant's brief.

608

Appellant maintains that the Petition was in fact "typewritten or printed" as required by Rule 34.1 and that the trial judge ordered dismissal of the petition because he has "an eccentric and peculiar dislike" for xerox copies.[3]

Whether the trial judge has an eccentric and peculiar dislike for xerox copies is of no concern here, for we applaud his insistence upon receiving the original petition. There is no reason why appellant was unable to submit the original rather than a xerox copy of her petition. Such a requirement in no way burdens appellant. Indeed, appellant states in her brief that an original was prepared "by typing on paper" but fails to explain why this document, rather than a xerox copy, was not filed. Rule 34.1, in specifying a "typewritten·or printed" copy must be read to require the original petition as opposed to a copy thereof. To allow a party to dispense with the formality of presenting the court with the original pleading is an insult to the dignity of the court itself. By holding as we do today, we are making an effort to preserve that dignity.

O'BRIEN and NIX, JJ., join in this opinion.

## OPINION IN SUPPORT OF REVERSAL

ROBERTS, Justice.

Appellant's petition was dismissed by the Philadelphia Orphans' Court on the astonishingly hypertechnical ground that a "copy" was filed instead of the "original." Equally astonishing, there is not a majority of this Court to reverse so hypertechnical a disposition. It is not clear from Philadelphia Orphans' Court Rule 34.1 whether an "original" is required, or what constitutes an "original." In any case, this disposition is unnecessarily harsh and inconsistent with the Pennsylvania Orphans' Court Rules of Construction.

3. Appellant cites *Commonwealth v. Olitsky*, 184 Pa.Super. 144, 133 A.2d 238 (1957) to support her position. This case, however, is inapposite to the issue at hand. *Olitsky* deals with the best evidence rule and the admissibility of carbon copies and other types of duplicate originals as evidence. We are not here concerned with the admissibility of evidence.

Pennsylvania Orphans' Court Rule 1 provides that local orphans' court rules regulating practice and procedure:

"shall not be inconsistent with any rule adopted by the Supreme Court of this Commonwealth or any Act of Assembly regulating the practice and procedure in the Orphans' Courts of this Commonwealth."

Pennsylvania Orphans' Court Rule 2.1 provides that the rules adopted by the orphans' court:

"shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties in interest."

It must be obvious that the construction of Rule 34.1 adopted by the Opinion in Support of Affirmance is inconsistent with the directive of Pennsylvania Rule 2.1 to construe rules liberally. The submission of an executed xerox copy clearly did not "affect the substantial rights of the parties in interest" and the "just, speedy and inexpensive determination" of the action would have been prompted by acceptance of appellant's petition. I would therefore vacate the order of the orphans' court and allow appellant to proceed with her petition.

EAGEN, C. J., joins this opinion.

LARSEN, J., joins this opinion and files a separate opinion in support of reversal.

OPINION IN SUPPORT OF REVERSAL

LARSEN, Justice.

I join in Mr. Justice Roberts' Opinion in Support of Reversal. The Opinion in Support of Affirmance is the ultimate in form over substance, promulgated for the sole purpose of judicial ego-aggrandizement. Judicially created ego-titillation reflects poorly on the judiciary.