J-A13020-17

2017 PA Super 275

| | | |
|---|---|---|
| ESTATE OF:  EDWARD WINSLOW TAYLOR INTER VIVOS TRUST | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  CHARLES CRESSON WOOD AND URQUHART A. WOOD | : : : : | |
| | : | No. 2289 EDA 2016 |

Appeal from the Decree June 27, 2016
In the Court of Common Pleas of Philadelphia County
Orphans' Court at No(s):  No. 3563 IV of 1939

BEFORE:   LAZARUS, J., OTT, J. and FITZGERALD, J.[*]

OPINION BY OTT, J.:                             **FILED AUGUST 23, 2017**

Charles Cresson Wood and Urquhart A. Wood ("Appellants") appeal from the Decree entered June 27, 2016, in the Court of Common Pleas of Philadelphia County, denying their request for the issuance of a citation on their petition for declaratory judgment concerning the termination date of a trust established by Edward Winslow Taylor, in 1928, as amended on September 25, 1930.[1]   Appellants claim the orphans' court erred (1) in finding that the orphans' court's December 7, 2009 Adjudication foreclosed their petition, (2) in refusing to issue a citation, and (3) in failing to award

_____

[*] Former Justice specially assigned to the Superior Court.

[1] This trust is the subject of an unrelated appeal that was recently decided by the Pennsylvania Supreme Court.  ***See In re Trust Under Agreement of Taylor***, No. 15 EAP 2016, 2017 Pa. LEXIS 1692, at *2 (July 19, 2017).

the relief requested by the petition for declaratory judgment. Based upon the following, we affirm.

Appellants are the Executors of the Estate of Anthony T. Wallace, Deceased (Decedent), who died on January 15, 2015.[2] Decedent was the great-grandson of Edward Winslow Taylor. Appellants filed their petition for declaratory judgment on May 18, 2016, requesting a citation be issued to all interested parties to show cause why the court should not issue a declaratory judgment invalidating the 1930 supplement ("1930 Amendment") to the Edward Winslow Taylor Inter Vivos Trust ("Taylor Trust"), and an order compelling distribution of one quarter of the Taylor Trust to the Estate of Anthony T. Wallace.

The orphans' court summarized the background of this case, as follows:

**Introduction**

The executors of the Anthony T. Wallace Estate ("executors") are appealing this court's refusal to issue a citation on their petition for declaratory judgment concerning the termination date of a trust established by decedent's great-grandfather, Edward Winslow Taylor, in 1928, as amended in September 25, 1930 ("1930 Amendment"). Prior to his death, Anthony Wallace had been an income beneficiary of this trust and had entered into a Family Agreement dated August 12, 2009 and approved by this court's December 7, 2009 adjudication. With their Family Agreement, the trust beneficiaries unanimously agreed that the trust would continue until it terminates in 2028

---

[2] Appellants are the stepsons of Anthony T. Wallace. *See* Appellants' Brief at 27; Appellants' Reply Brief at 1.

- 2 -

pursuant to the 1930 Amendment. The executors nonetheless seek to reopen this issue by seeking an interpretation of the trust document of 1928 and its 1930 Amendment to assert that the trust terminated in 2008. Because the issue raised in the executor[s'] petition has been definitively settled by the Family Agreement approved by the 2009 adjudication under the provisions of the Pennsylvania Uniform Trust Act, their petition is without merit. It was properly denied as raising a moot issue. ….

**Factual Background**

On August 12, 2009, Wachovia Bank, as trustee of the Edward Winslow Taylor Trust ("Taylor Trust"), filed an account of its administration of the trust covering the period May 23, 1980 through May 4, 2008. Its reason for filing the account was the death of Edward Taylor's only grandchild, Frank R. Wallace, Jr., who was the income beneficiary of the trust as well as its individual co-trustee.[1]  In filing the account, Wachovia set forth

_____

[1] 8/12/2009 Edward Winslow Taylor Account (hereinafter 2009 Account), Petition for Adjudication, ¶ 10.

_____

its interpretation of the dispositive terms of the trust that Edward Winslow Taylor established on February 9, 1928, for the initial benefit of his daughter Anna Taylor Wallace. It noted that the Trust Agreement was amended on April 20, 1928, on September 25, 1930 and on March 20, 1933. According to the Trustee, the dispositive terms of the Trust are set forth in paragraph 3 of the September 25, 1930 trust amendment. It noted that the net income was to be distributed to the settlor's daughter, Anna Taylor Wallace, for her lifetime. Upon her death, the net income was to be distributed among the persons she chose to appoint under her will. Anna Wallace exercised this power of appointment in her will by providing that her only child, Frank R. Wallace, should receive all the net income during his lifetime. The trustee noted that the Trust is "to terminate 20 years after the death of the last survivor of the Settlor, Anna Taylor Wallace, Frank Rich Wallace (Anna Taylor Wallace's husband) and Frank R. Wallace, Jr." With the death of Frank R. Wallace, Jr. on May 4, 2008, the trustee concluded that the Trust will terminate on May 4, 2028.[2]  Until that termination date, the

_____

income of the trust was to be distributed to the four surviving children of Frank R. Wallace, Jr.:

Anthony T. Wallace
Elise W. Carr
W. Sewell Wallace
Christopher G. Wallace

None of these issue was given a power of appointment by the Taylor trust documents. Only the settlor's daughter, Anna Taylor Wallace, was granted the power to appoint the net income of the trust by her last will.[3]

As an issue for adjudication, the trustee in 2009 sought court approval of a Family Agreement to modify the trust pursuant to the Pennsylvania Uniform Trust Act, 20 Pa.C.S.A. section 7740.1(b). In so doing, the trustee characterized the Family Agreement as seeking "to divide the Trust, as permitted with Court approval under Section 7740.1(b) of the UTA, into four separate equal Trusts – one Trust of each of the surviving children of Frank R. Wallace, Jr. and to appoint each of the children as a Co-Trustee with Petitioner of his or her separate Trust **until each Trust terminates on May 4, 2028, 20 years from the death of Frank R. Wallace Jr.**"[4]

A copy of the 2009 Family Agreement was presented with the Account. It was signed by all parties in interest, who were the four children of Frank R. Wallace, Jr. In addition, it was signed by all of Frank Wallace Jr.'s grandchildren. The Family

Agreement specifically states that "paragraph 3 of the September 25, 1930 supplement of the Trust provides for the disposition of the income and principal of the Trust."[5] It also specifies that the Trust terminates on May 4, 2028 which is 20 years after the death of Frank R. Wallace Jr.[6]

---

[5] 8/12/2009 Family Agreement, ¶ A(2).

[6] 8/12/2009 Family Agreement, ¶¶ A(2).

---

No objections were filed to the account. This court therefore confirmed the account by adjudication dated December 7, 2009 ("2009 Adjudication") and approved the Family Agreement. In so doing, this adjudication twice reiterated that the trust terminates on May 4, 2028. The adjudication in addition approved the distribution of principal as follows to the following four trusts:

| | |
|---|---|
| Trustees of the Anthony T. Wallace Trust | one-fourth |
| Trustees of the Elise W. Carr Trust | one-fourth |
| Trustees of the W. Sewell Wallace Trust | one-fourth |
| Trustees of the Christopher G. Wallace Trust | one-fourth |

Significantly, no exceptions or appeals were filed to this 2009 Adjudication nor to the schedule for distribution filed in March 2010. Anthony T. Wallace died on January 15, 2015. More than a year after his death, the executors of his estate on May 18, 2016 filed a petition seeking a citation on a petition for declaratory judgment to interpret the trust as terminating in 2008 upon the death of Frank R. Wallace, Jr. In filing this petition, the executors seek a declaratory judgment "invalidating the September 25, 1930 supplement to the Edward Winslow Taylor Inter Vivos Trust to the extent it purports to amend any disposition of principal, and an order compelling that one-fourth (1/4) of the principal of the Trust shall be distributed immediately to the Estate of Anthony T. Wallace together with appreciation and interest on the share of Anthony T. Wallace...." In addition, they seek reasonable attorney's fees.[7]

---

[7] 5/18/2016 Petition, Proposed Preliminary Order.

---

Essentially, the executors argue that the terms of the Taylor Trust were irrevocably set in the 1928 Deed of Trust to provide for the termination of the trust at the death of the settlor, his daughter, her husband and settlor's grandchild. This termination date was improperly modified, the executors argue,[8] by the September 25, 1930 Amendment under which the settlor provided that the trust would continue for twenty years after the death of his grandchild.[9] The executors assert that the Family Agreement is voidable because it was based on a material mistake of fact that the 1930 amendment was effective.[10] No explanation was offered as to why this claim had not been made upon the death of Frank Wallace Jr. or at the time the account was filed or even during the lifetime of Anthony Wallace. Curiously, the executors seek distribution of trust principal to Anthony Wallace's estate by petition filed more than a year after Anthony died. They acknowledge that he left no issue but they do not identify the beneficiaries of his estate.[11] They briefly touch on the practical ramifications of the timing of the trust termination date in 2008 or 2028: "because Anthony Wallace did not have issue, this meant the difference between receiving his share in 2008, and his share being reallocated among his siblings if he died before 2028."[12]

_____

[8] The executors argued that this 1930 Supplement was invalid because by the express terms of the 1928 Trust Agreement, the "Trust was irrevocable and the Settlor did not have the power to unilaterally amend the dispositive provisions of the Trust as to the principal." 5/18/16 Petition, ¶ 17.

[9] 5/18/16 Petition, ¶ 15.

[10] 5/18/16 Petition, ¶¶ 42 & 43. The executors argue: "In fact, the 1930 Agreement was ineffective as to the principal provisions of the Trust because it changed the terms in violation of the 1928 Trust, which was irrevocable." Id., ¶ 43(a)(i).

[11] See 5/18/16 Petition, ¶¶ 7 & 44. In Paragraph 41, the executors list the children of the income beneficiaries (Elise Wallace Carr; William S. Wallace and

> Christopher G. Wallace).  No children were listed for Anthony T. Wallace.
>
> [12] 5/18/2016 Petition, ¶ 44.
> _____

Orphans' Court Opinion Sur Appeal, 10/18/2016, at 1–4 (emphasis in original).

Here, Appellants' declaratory judgment action sought to invalidate the 1930 Amendment to the Trust to the extent that it amended the disposition of principal such that the Trust termination date was modified and is determined to be 2028, i.e., 20 years after the death of Frank R. Wallace, Jr. Appellants' position is that that the Trust should have terminated in 2008 upon the death of Frank R. Wallace, Jr., as set forth in the 1928 deed of trust, because the 1930 Amendment was invalid as the Trust was irrevocable.  The orphans' court, however, found that Appellants' declaratory judgment action was an attempt to "litigate a legal issue that has been decisively resolved in 2009 by Family Agreement and court adjudication." Orphans' Court Opinion Sur Appeal, 10/18/2016, at 8.

The orphans' court denied the petition for citation and declaratory judgment by Decrees dated June 14, 2016, and June 27, 2016.  The June 27, 2016 Decree, from which this appeal was taken, states:

> AND NOW, this 27th day of June 2016, upon consideration of the Petition for Declaratory Judgment, filed by Charles Cresson Wood and Urquhart A. Wood ("Petitioners"), Executors of the Estate of Anthony T. Wallace, deceased, it is hereby ORDERED and DECREED that the requested Citation is DENIED. In response to an Account filed by the Trustee of the Edward Winslow Taylor

Inter [V]ivos Trust, this Court issued an Adjudication dated December 7, 2009, wherein the Court stated that "[b]y its terms, the Trust terminates 20 years after the death of the last surviving of the Settlor, ... which would be May 4, 2028" and that "[t]he surviving issue of Frank R. Wallace[,] Jr. ... are entitled to receive the trust income until it terminates on May 4, 2028." The Court adjudicated the Account in accordance with those terms and also approved a Family Agreement to divide the Trust into four trusts for each of the four then–surviving beneficiaries, including Anthony T. Wallace. No objections were filed to the Account or the Adjudication and no appeal was taken. Anthony T. Wallace's failure to object to the Adjudication or file an appeal forecloses his Estate from now disputing the validity of the Trust termination date provision.

Decree, 6/27/2016.

In support of its decision, the orphans' court emphasized the Pennsylvania Uniform Trust Act, specifically, 20 Pa.C.S. § 7740.1 ("Modification or termination of noncharitable irrevocable trust by consent"), "enabled all the [trust] beneficiaries to enter into this [family settlement] agreement to modify the trust termination date with court approval," and that "the executors concede that all the interested parties signed the family settlement agreement." Orphans' Court Opinion Sur Appeal, 10/18/2016, at 9. The orphans' court found that to the extent that Appellants argue the family settlement agreement is invalid based on the mistake of "fact" that the 1928 Trust was effectively amended by the 1930 Amendment, such alleged mistakes are in reality "mistakes of law" that would not render the 2009 Family Settlement Agreement invalid. *Id.* at 10.

Furthermore, the issue of the trust termination date was specifically raised as a question for adjudication in the 2009 Fourth Account, and the

- 8 -

orphans' court found that the present challenge to the trust termination date was untimely pursuant to 20 Pa.C.S. § 3521 (setting five year period for review of account following final confirmation). *See id.* at 12. In addition, the orphans' court noted that Appellants' objection "was not made until more than a year after the death of Anthony T. Wallace, who as one of the four income beneficiaries, had signed the Family Agreement and did not object to it throughout his lifetime." *Id.* at 13. This appeal followed.[3]

Our standard of review from a final order of the Orphans' Court is deferential:

> [W]e accord the findings of the [O]rphans' [C]ourt, sitting without a jury, the same weight and effect as the verdict of a jury; we will not disturb those findings absent manifest error; as an appellate court we can modify an [O]rphan[s' C]ourt decree only if the findings upon which the decree rests are not supported by competent or adequate evidence or if there has been an error of law, an abuse of discretion, or a capricious disbelief of competent evidence.
>
> Moreover, we will not reverse the [Orphans' C]ourt's credibility determinations absent an abuse of the court's discretion as factfinder. On the other hand, we are not required to give the same deference to [the Orphans' C]ourt's legal conclusions. Where the rules of law on which the [Orphans' C]ourt relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

*In re Trust of Hirt*, 832 A.2d 438, 447 (Pa. Super. 2003) (citations, quotation marks and some brackets omitted).

---

[3] Appellant timely complied with the order of the orphans' court to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

The orphans' court judge, the Honorable John W. Herron, has thoroughly and cogently explained the reasons why Appellants are not entitled to relief and, based on our review, we find the orphans' court's discussion is sound and warrants no further elaboration by this Court with regard to the substantive issues raised herein. *See* Orphans' Court Opinion Sur Appeal, 10/18/2016, at 7–13.

However, as noted by Judge Herron, there is "a dearth of precedent on the issue of when a citation may be denied upon review of the underlying petition." Orphans' Court Opinion, *supra*, at 5. Accordingly, we are compelled to address the second issue raised in this appeal. Specifically, we consider Appellants' challenge to the orphans' court's denial of their request for issuance of a citation on their petition for declaratory judgment regarding the termination date of the Taylor Trust.

By way of background, at all relevant times, the Orphans' Court Rules provided:

> Proceeding on petition shall be by citation to be awarded by the Court upon application of petitioner in any case where jurisdiction over the respondent is required and has not previously been obtained.

Pa.O.C. Rule 3.5.[4] In addition, at all relevant times, Philadelphia Orphans' Court Rule 1.2.P provided, in relevant part, that "Every action for declaratory

_____

[4] The orphans' court entered its order on June 27, 2016, prior to the effective date of changes in the Orphans' Court Rules. By Order of

*(Footnote Continued Next Page)*

- 10 -

judgment shall be commenced by petition and citation." Philadelphia Local Rule 1.2.P(1). Finally, Section 764 of the Probate, Estates and Fiduciaries Code states: "Jurisdiction of the person shall be obtained by citation to be awarded by the orphans' court division upon application of any party in interest." 20 Pa.C.S. § 764.

Appellants argue the orphans' court should have issued the citation "as a matter of right upon application by Appellants." Appellants' Brief at 14. Specifically, Appellants argue:

> Both the Pennsylvania legislature and Pennsylvania Supreme Court have indicated that the issuance of a citation is a formality, to be issued automatically upon petition by an interested party. "Jurisdiction of the person shall be obtained by citation **to be awarded** by the orphans' court division **upon application** of any party in interest." 20 [Pa.C.S.] § 764 (Emphasis added). The Pennsylvania Supreme Court has stated that a citation is to be awarded "**as a matter of right**." *Smith v. Black*, 9 Pa. 308, 309 (1948)(Emphasis added).

*Id.*

Judge Herron, in his Opinion, analyzed Appellants' claim, as follows:

> The Executors complain that this court abused its discretion and committed an error of law in denying their petition for citation and declaratory judgment without issuing a citation. To support this claim, they reach back to only one case, an 1848 precedent, *Smith v. Black*, 9 Pa. 308 (1848). Regrettably, the facts of *Smith v. Black* are far from clear. After stating that a "citation was as much as matter of right as a subpoena in chancery," the *Smith* court admitted that "[w]e know nothing of previous

(Footnote Continued) _____

December 1, 2015, effective September 1, 2016, the Pennsylvania Supreme Court rescinded and replaced Rules 1.1 through 13.3 and Rule 17 of the Orphans' Court Rules and amended Rules 14.1 through 16.12.

- 11 -

litigation between the parties. We have no more before us than a petition for citation, without rejection for no apparent cause." ***Smith v. Black***, 9 Pa. 308, 1848 WL 5609 (Pa. 1848). In contrast, in this matter the executors' declaratory judgment action raised issues that had been decisively decided by this court as well as by a Family Agreement.[16] There is admittedly a dearth of

---

[16] The executors' petition conceded that an account had been audited and confirmed in 2009, but they did not acknowledge the legal implications of the resulting adjudication issued by this court. 5/18/2016 Petition, ¶¶32 -33.

---

precedent on the issue of when a citation may be denied upon review of the underlying petition. In a more recent Pennsylvania Supreme Court case decided in 1980, however, a divided Pennsylvania Supreme [C]ourt upheld an Orphans' Court['s] refusal to issue a citation where the underlying petition did not comply with local rules. ***Estate of Lachmuth***, 487 Pa. 605, 410 A.2d 776 (Pa. 1980) (ruling by Orphans' Court dismissing a Petition for Citation on the grounds that it was not printed or typewritten in violation of Philadelphia Orphans' Court Rule 34.1 affirmed by divided court). The reasons for denying the citation in this case involving the Taylor trust were clearly more compelling.

Procedurally, courts have analogized a citation to a rule to show cause. ***Appeal of Beiler***, 144 Pa. 273, 277, 22 A. 808 (1891) (a citation "is in substance a rule to show cause"). In contrast to the dearth of precedent on the granting of citations, there are Pennsylvania Rules of Procedure that specifically address the issuance of a rule to show cause when a petition proceeds upon it. These rules offer guidance on when a citation might be denied by a court as "gatekeeper." Under the Pennsylvania Rules of Civil Procedure, the issuance of a rule to show cause may be discretionary or it may issue "as of course." The issuance of a rule to show cause "shall be discretionary with the court as provided by Rule 206.5 unless the court by local rule adopts the procedure of Rule 206.6 providing for issuance as of course." ***See*** Pa.R.C.P. 206.4(a)(1). In those instances

where the rule to show cause is discretionary, the court considers whether the petition "is properly pleaded and states prima facie grounds for relief." Pa.R.C.P. 206.5(c). A local court rule, however, may provide that a rule to show cause shall issue as a matter of course upon the filing of a petition. *See* Pa.R.C.P. 206.4(a)(1);Pa.R.C.P. No. 206.6(a). The rationale behind these differing approaches is explained in the Explanatory Note to Pa.R.C.P. 206.4 as follows:

> The two methods of issuing the rule to show cause reflect differing concepts in the administration of petition practice. The discretionary issuance reflects the view of the court which wants to assume the "gatekeeper" function. Petitions are reviewed prior to the issuance of the rule to show cause requiring that an answer be filed and those which show no merit on their face or which can be determined by a brief presentation by the attorneys are disposed of without a formal fact-finding procedure. Courts which review a petition prior to issuing a rule to show cause may short circuit a laborious procedure of filing an answer, taking discovery and holding argument. Pa.R.C.P. 206.4 (Explanatory Comment-1995).

The Civil Trial Division of the Philadelphia Court of Common Pleas by local rule *206.4(c) has provided that rules to show cause for petitions under Pa.R.C.P. 206.1 shall issue as a matter of course by the Motion Court Clerk on behalf of the Court. *See* Phila.Civ.R. *206.4(c). The Orphans' Court, in contrast, has not adopted this limited view of the court's role as gatekeeper when presented with an analogous citation. Instead, the Philadelphia Orphans' Court rule 1.2.P in effect until September 1, 2016 and the newly enacted Pennsylvania Supreme Court Rule 5.1 merely state that a declaratory judgment action shall commence by citation and petition. The court is thereby assigned the task of deciding whether the citation should issue.

While, at first blush, a citation in Orphans' Court might seem analogous to a complaint in a civil action there are significant differences. In the civil division, for instance, no court approval is necessary prior to filing a complaint. Instead, a civil action can be initiated by filing a complaint with the prothonotary pursuant to Pa.R.C.P. 1007(b). The rules for Orphans' Court have subtle differences. Under the local

- 13 -

Philadelphia rules in effect when the executors filed their petition as well as the Pennsylvania Orphans' court rules in effect since September 1, 2016, certain petitions can be filed without seeking a citation while a petition for declaratory judgment requires the issuance of a citation by the Orphans' Court.[17]  This

_____

[17] Prior to their repeal effective September 1, 2016, the local Philadelphia O.C. Rule 1.2.P required a citation for a declaratory judgment petition, while the Special Petitions under the Philadelphia O.C. Rules 12.1.1 through 12.16.A were silent on the need for a citation.  Likewise, the newly enacted Pennsylvania Supreme Court Rules require a citation for a Declaratory Judgment Action.  **See** Pa.O.C. Rule 5.1.

_____

suggests that a court exercise some scrutiny before issuing the citation. Finally, the PEF code states that "[j]urisdiction of the person shall be obtained by citation to be awarded by the Orphans' Court upon application of any Party in interest," 20 Pa.C.S.A. § 764. A natural reading of this provision suggests that the "shall" language refers to obtaining jurisdiction over a person not already under the jurisdiction of orphans' court, not that an orphans' court must issue a citation regardless of the contents of a petition. This strongly suggests that the court has some kind of gate-keeping responsibility when presented with such a petition. Admittedly, denying a petition for a citation is a rare occurrence, but in this case it is justified based on the following facts of record and in the interest of equity and judicial economy.

Orphans' Court Opinion Sur Appeal, 10/18/2016, at 5–7.

We agree with the sound reasoning of Judge Herron, and our research has revealed no legal authority that addresses whether an orphans' court judge must issue a citation **automatically**, or whether such act is a matter of the court's discretion.  In **Smith**, cited by Appellants, the Pennsylvania Supreme Court, in indicating that a citation must be issued as "a matter of

right," reasoned that "We know nothing of previous litigation between the parties. We have no more before us than a petition for a citation, with a rejection of it for no apparent cause." *Smith v. Black*, 9 Pa. 308, 309 (1848). Fifty years later, in *Krug v. Keller*, 8 Pa. Super. 78, 81 (1898), the Pennsylvania Superior Court clarified:

> [T]he appellant had a right to come into court, and, under the provisions of the Act of March 29, 1832, have a citation against [appellee], which, *on an adequate showing*, is a matter of right: *Smith v. Black*, 9 Pa. 308. However, the citation is 'in substance but a rule to show cause:' *Lightner's Estate*, 144 Pa. 273. Practically, a citation and a rule to show cause serve the same purpose[.]

*Krug v. Keller*, 8 Pa. Super. 78, 81 (1898) (emphasis added). Therefore, we agree with Judge Herron that Appellants' reliance on *Smith* is misplaced.

Furthermore, we adopt Judge Herron's analysis of the Pennsylvania Rules of Civil Procedure and local Philadelphia court rules in evaluating the nature of a citation in Philadelphia orphans' court. Pursuant to Pennsylvania Rule of Civil Procedure 206.4(a)(1), the issuance of a rule to show cause is discretionary unless the court by local rule adopts Rule 206.6, that provides for issuance as of course. Pa.R.C.P. 206.4(a)(1); Pa.R.C.P. 206.5. In this regard, the Court of Common Pleas of Philadelphia has adopted a local rule pursuant to Pa.R.C.P. 206.4, which provides for the issuance of a rule to

show cause "as of course" for any petition.    Phila.Civ.R. 206.4(c).[5] However, the Philadelphia Orphans' Court Rules simply provide, in relevant part, that "Every action for declaratory judgment shall be commenced by petition and citation." Phila.O.C.R. 1.2.P(1).  As such, in contrast to the Philadelphia Rules of Civil Procedure that govern the rule to show cause, the Philadelphia Orphans' Court Rules impose no limits on the discretion of the orphans' court to deny a citation.

Moreover, Appellants' argument that a petition for citation is equivalent to a complaint is unavailing in light of the new orphans' court rules that, while specifically representing an intent to "harmonize orphans' court proceedings with general civil practice to the extent possible,"[6] have retained the citation procedure.    **See** Pa.O.C. Rule 3.5(a) ("Citation Practice.") (effective September 1, 2016).  **See also** Pa.O.C. Rule 5.1(a) ("An action for declaratory judgment shall be commenced by petition and

_____

[5] We acknowledge that this Court recently held that a trial court cannot decide to refuse to issue a rule to show cause where the local rule provides for issuance as of course.  **U.S. Space v. Berkshire Hathaway Homeservices**, ____ A.3d ____ [2017 Pa. Super. LEXIS 403] (Pa. Super. June 5, 2017).

[6] **In re Order Rescinding & Replacing Rules 1.1 through 13.3 & Rule 17**, No. 682, 2015 Pa. LEXIS 2736, at *105 (Dec. 1, 2015).

This author was a member of the Pennsylvania Supreme Court Orphans' Court Rules Committee from 2004 to 2010, when discussions commenced about revising the Orphans' Court Rules to more closely conform with civil practice.

citation directed to the interested parties.") (effective September 1, 2016).

Notably, the Explanatory Comment[7] to Orphans' Court Rule 3.5 explains that

"[t]he court, by local rule or by order in a particular matter, may establish a

procedure for rules to show cause as provided in Pa.R.C.P. 206.4 *et seq*."

This comment suggests the issuance of a rule to show cause is discretionary,

unless the court establishes otherwise by a local rule or by order.[8]

Here, Judge Herron analogized the citation procedure to instances

where the rule to show cause is discretionary and the court considers

_____

[7] "Notes and explanatory comments are not part of the Rules but they may be used in construing the Rules." Pa.O.C. Rule 1.2 (effective September 1, 2016), Explanatory Comment.

[8] Pa.O.C. Rule 1.5, effective September 1, 2016, states in relevant part:

> (a) All previously promulgated local rules are hereby vacated, effective September 1, 2016, except for those local rules promulgated under Chapter 14 regarding guardianship of incapacitated persons, Chapter 15 regarding adoptions, and Chapter 16 regarding proceedings pursuant to section 3206 of the Abortion Control Act.
>
> (b) The Orphans' Court Divisions of the several judicial districts of this Commonwealth may adopt local rules regulating practice and procedure. Such local rules shall not be inconsistent with these Rules.
>
> (c) The local rules applicable to practice in the Civil or Trial Division of the local Court of Common Pleas shall not be applicable in the Orphans' Court Division unless so directed by these Rules or by local rule adopted by the court of the particular judicial district in accordance with Pa.R.J.A. No. 103.

Pa.O.C. Rule 1.5(a)–(c).

whether the petition states a *prima facie* case. ***See*** Orphans' Court Opinion, 10/18/2016, at 5–7. As such, Judge Herron's refusal to issue a citation in this case is tantamount to the grant of a demurrer. We find no error in his conclusion that the issuance of a citation was discretionary. The current Orphans' Court Rules, although not applicable, lend further support to this conclusion. Further, as we have already stated, our review reveals no basis upon which to disturb his decision that the petition is barred by 20 Pa.C.S. § 3521[9] (five year limit as to when an adjudication to an account may be reviewed) where the Family Settlement Agreement was approved by the court's December 7, 2009 Adjudication. ***See*** Orphans' Court Opinion Sur Appeal, 10/18/2016, at 12. Accordingly, we affirm.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2017

---

[9] ***See also*** 20 Pa.C.S. § 7799.2 ("The provisions concerning accounts, audits and distributions in trust estates shall be the same as those set forth in … Section 3521 (relating to rehearing; relief granted).").