**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF DARYL ALSTON, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: YARA POMPEYA | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2785 EDA 2025 |
| | : | |

Appeal from the Order Entered September 24, 2025
In the Court of Common Pleas of Montgomery County
Orphans' Court at No(s):  2024-X3487

BEFORE:   McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 23, 2026**

Yara Pompeya appeals *pro se* from the order that dismissed, with prejudice, her "Amended Petition for Citation,"[1] which followed, *inter alia*, the submission of preliminary objections by respondents Nego Pile and Pile Law Firm and a hearing in which Pompeya failed to appear. We vacate and remand with instructions consistent with this memorandum.

Pompeya's father, Daryl Alston, died on June 20, 2024. Several months thereafter, the Montgomery County Register of Wills authorized Pompeya to serve as administratrix of her father's estate. Ultimately, after filing various other documents, Pompeya filed, in Orphans' Court, what was interpreted as

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order dismissed nine additional "pleadings" filed by Pompeya.

a petition for citation, titled "Motion for Court Consideration," on April 10, 2025. On June 9, 2025, Nego Pile and Pile Law Firm filed preliminary objections, challenging: (1) the Orphans' Court's jurisdiction to adjudicate "a legal malpractice action" as the petition was only collaterally related to the administration and distribution of Alston's estate[2]; (2) the petition's lack of specificity; (3) the petition's legal sufficiency; (4) the petition's failure to conform to most of the pleading requirements; and (5) Pompeya's lack of standing to assert a claim. *See generally* Preliminary Objections to Petition for Citation, 6/9/25. On June 27, 2025, the court sustained preliminary objections, finding that: (1) the Orphans' Court did not have jurisdiction over legal malpractice actions; (2) the petition lacked necessary specificity; (3) the petition was legally insufficient; and (4) the petition failed to conform to law or rule of court. *See* Order, 6/27/25. The order further granted Pompeya permission to file an amended petition within twenty days. *See id.*

Pompeya filed an amended petition on June 30, 2025. Therein, she sought relief against not only Nego Pile and Pile Law Firm, but also Barry Cornish, Valarie Stewart, and Tamika Wallace. *See generally* Amended Petition for Citation, 6/30/25. On July 29, 2025, Pompeya filed a document

_____

[2] Although the nature of this dispute between Pompeya and Nego Pile and Pile Law Firm was unclear in her original petition, according to her amended petition, Nego Pile and Pile Law Firm were "retained to perform estate administration services pursuant to a written agreement and [were] paid from estate funds. [They] failed to complete critical duties, including drafting a contract, filing inheritance tax returns, or initiating a partition action as initially agreed." Amended Petition for Citation, 6/30/25, at 2.

that requested, *inter alia*, a hearing. **See** Petitioner's Notice of Non-Response and Request for Relief or Scheduling of Hearing, 7/29/25. The court scheduled a hearing on August 6, 2025, setting a date for the hearing of September 24, 2025. **See** Scheduling Order, 8/6/25. Nego Pile and Pile Law Firm filed a response in opposition to Pompeya's July 29, 2025 filing, which argued that she "failed to abide by the rules of court and did not attach a notice to plead to the [a]mended [p]etition[,]" Response In Opposition to Petitioner's Notice of Non-Response and Request for Relief or Scheduling of Hearing, 8/11/25, at ¶ 3. By order dated August 28, 2025,[3] the court ordered that all outstanding issues, subject to compliance with the rules governing Orphans' Court actions, would be heard at the hearing that had already been scheduled for September 24, 2025. **See** Order, 8/28/25, at ¶ 4.

After voluminous other filings, Pompeya eventually filed a notice to plead on August 29, 2025. Appended to the notice was the amended petition for citation from June 29, 2025. Nego Pile and Pile Law Firm filed preliminary objections to this "newest" amended petition on September 18, 2025, maintaining several of the arguments contained in their earlier objections: (1) lack of jurisdiction; (2) insufficient specificity; (3) legal insufficiency; (4) failure of the petition to conform to law or rule of court; and (5) Pompeya's lack of standing. **See generally** Preliminary Objections to Amended Petition

---

[3] The order was entered on the trial docket on August 28, 2025, but notice was not provided to the parties, as reflected on the docket, until August 29, 2025.

for Citation, 9/18/25. Although she continued to file documents throughout the month of September, Pompeya failed to appear at the September 24, 2025 hearing.[4]

On that same date, with Pompeya having "failed to appear or notify the [c]ourt[,]" the court, *inter alia*, sustained Nego Pile and Pile Law Firm's preliminary objections by written order and dismissed Pompeya's amended petition with prejudice. Order, 9/24/25. Pompeya then proceeded to file myriad other documents sounding in reconsideration motions that do not appear to have been expressly ruled on.[5] Pompeya filed a notice of appeal on October 23, 2025, and a concise statement of errors complained of on appeal on November 17, 2025. The court submitted a three-page letter in lieu of filing an opinion because Pompeya "was given full opportunity to prosecute her claims before the undersigned but failed to appear." Letter in Lieu of Trial Court Opinion, 12/10/25, at 2 (unpaginated).

_____

[4] The hearing, although scheduled for 9:30 a.m., began in earnest at 9:35 a.m. **See** N.T. Hearing, 9/24/25, at 3. The court noted that Pompeya was not present and expressly indicated that it would "dismiss her petition for lack of prosecution." **See id.** at 3, 8. The court concluded proceedings at 9:45 a.m. after each present party was permitted to speak on the record. **See id.** at 9.

[5] In one of her post-dismissal filings, Pompeya stated that she, in fact, "was present and prepared to proceed with the hearing scheduled for 9:30 a.m. on September 24, 2025. Upon [her] arrival, the [c]ourt was still engaged in a conversation with [the respondents to her petition[.]" Motion for Reconsideration of Order of Dismissal and Vacatur, 9/24/25, at 1 (unpaginated). Pompeya claims that "upon seeing [her], the [c]ourt immediately continuously stated, 'off the record,' that the case was over, thus preventing [her] from entering and being heard." **Id.**

On appeal, Pompeya presents five issues for this Court's review, but we find that resolution of this appeal can be limited to her second issue, which involves whether the court correctly applied the Orphans' Court Rules governing the adjudication of preliminary objections. *See* Appellant's Brief at 8. We conclude that the court created an ambiguity insofar as its written order sustained preliminary objections and dismissed Pompeya's petition with prejudice, whereas its oral pronouncement at the hearing, and its letter in lieu of a Rule 1925 opinion, offered reasoning for the dismissal sounding in non pros. As such, a remand is necessary for clarification, consistent with our directive, indicated *infra*.

We note the following standard of review:

> In reviewing an order from the Orphans' Court, our standard is narrow: we will not reverse unless there is a clear error of law or an abuse of discretion. Our scope of review is also limited: we determine only whether the court's findings are based on competent and credible evidence of record.

*In re Estate of Karschner*, 919 A.2d 252, 255-56 (Pa. Super. 2007) (citation omitted). For cases that have been adjudicated at the preliminary objections phase of proceedings, we apply the following standard of review:

> In determining whether the [O]rphans' [C]ourt properly [sustained] preliminary objections . . ., we review the ruling for an error of law or abuse of discretion. On an appeal from an order sustaining preliminary objections, we accept as true all well-pleaded material facts set forth in the appellant's complaint and all reasonable inferences which may be drawn from those facts. Preliminary objections seeking the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief; if any doubt exists, it

should be resolved in favor of overruling the objections.

Threshold issues of standing are questions of law; thus, our standard of review is *de novo* and our scope of review is plenary.

***In re Nadzam***, 203 A.3d 215, 220 (Pa. Super. 2019) (citation omitted).

Here, our review demonstrates that there is no necessary clarity where the court has not specified which preliminary objection it sustained, and conversely, it only offered as a basis for the dismissal that Pompeya failed to appear. ***See Estate of Edward Winslow Taylor Inter Vivos Trust***, 169 A.3d 658, 663 (Pa. Super. 2017) ("Where the rules of law on which the Orphans' Court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.") (brackets and citation omitted). Moreover, there is an additional problem associated with the court's sustaining of preliminary objections: the amended petition for citation was also directed against Barry Cornish, Valarie Stewart, and Tamika Wallace, all of whom did not file preliminary objections. Thus, it can be deduced that, notwithstanding the court's corresponding written order sustaining preliminary objections, the court, instead, predicated its dismissal of the amended petition with prejudice based on Pompeya's lack of attendance at the September 24, 2025 hearing.[6]

The ambiguity between the court's oral statement, establishing what we interpret as an intention to enter a non pros judgment on its own motion for

_____

[6] Otherwise, the court's dismissal as to only one respondent would have been interlocutory as all claims against all parties had not reached finality. This conclusion as to the court's rationale is supported by its indication that it would dismiss her petition "for lack of prosecution." ***See*** N.T. Hearing, 9/24/25, at 8.

Pompeya's failure to appear,[7] and written order, evidencing a sustaining of Nego Pile and Pile Law Firm's preliminary objections despite a lack of clarity and other remaining respondents, necessitates a remand in order for the court to clarify that it, in fact, intended to enter a judgment of non pros, which appears more appropriate based on the record.[8, 9]

Order dismissing amended petition vacated. Case remanded. Jurisdiction relinquished.

_____

[7] We have approvingly cited Pennsylvania Rule of Civil Procedure 218, the Rule governing non pros, in a case originating in Orphans' Court. **See In re Estate of Schmidt**, 596 A.2d 1124, 1130 (Pa. Super. 1991). Rule 218 relevantly establishes that "[w]here a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter . . . non pros on the court's own motion[]" and "[a] party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse." Pa.R.Civ.P. 218(a), (c). However, we acknowledge that the specific Orphans' Court statutes, as opposed to our general rules of civil procedure, only speak to nonsuits, rather than non pros. **See** 20 Pa.C.S. § 779.

[8] Entry of a judgment of non pros would provide Pompeya the ability to file a petition to strike and/or open the judgment of non pros, something she had been foreclosed from doing in this matter's current posture given the unclear nature of the court's ruling.

[9] We do not take any position as to any of the assertions contained in Pompeya's amended petition. Nevertheless, we stress that, while "this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **S.S. v. T.J.**, 212 A.3d 1026, 1032 (Pa. Super. 2019) (citation omitted). And, as a further point of emphasis, we caution that "any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing." **Id.** (citation omitted).

- 7 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/23/2026</u>